Carothers *v.* Wheeler.

JOHN CAROTHERS, Appellant, *v.* J. M. WHEELER, Appellee.

*Appeal from the Commissioners' Court of Clackamas County.*

1. When, in a contest about a ferry, the county commissioners decide against the right of the owner of the land, he may appeal to the District Court.
2. Time and mode of taking such appeal.

CAROTHERS made application to the board of county commissioners in Clackamas County, for a license to keep a ferry across the Willamette River at Portland. Wheeler, at the time of such application, appeared before said board, claiming that he was the owner of the land where Carothers wished to establish his ferry; and insisted, that if a ferry at such place was adjudged necessary, the license therefor should issue to him instead of Carothers. License, however, was granted to Carothers. Wheeler appealed to the District Court, where the decision of the county commissioners was reversed. Carothers now brings the case here, and alleges that the judgment of the court below was erroneous, because Wheeler had no right to take, and the court below had no right to hear his appeal.

*Stark & Logan,* for Carothers.

*A. Campbell,* for Wheeler.

WILLIAMS, C. J.   Section twenty-two, page 384, Statutes
of Oregon, provides, that "any person may appeal from the
decision of the board of commissioners to the next term of
the District Court of the same county.   Such appeal shall be
taken within twenty days after such decision, and the party
appealing shall notify the commissioners that the appeal is
taken at least ten days before the first day of the next term
of the court appealed to."   Wheeler took his appeal in the
manner prescribed by statute, but no notice was served on
Carothers, nor did he appear in the District Court.   Whether
"any person," in the broad language of the statute, whose
personal or private interests are not affected by the decision
of a county board, can appeal therefrom, may admit of
doubt ; but we think it is clear that any person, whose exist-
ing rights are cut off or destroyed by such a decision, may
have his appeal to the District Court.   Admitting that
Wheeler was the owner of the land, as he claimed, and was
found to be by the District Court, then the effect of the deci-
sion by the county commissioners was to deprive him of the
use and occupation of such land ; and, certainly, before a
man's property is wrested from him, he should have a right
to be heard before some tribunal other than a board of county
commissioners.   When county commissioners acquire juris-
diction of a controversy about a ferry, and adjudge the license
therefor, away from him, on whose soil it is to be located, if
there is no appeal from such decision, the right of the owner
to the use of his land, for the duration of such license, would
seem to be irrecoverably gone.   Section forty-five, page 458,
Statutes of Oregon, declares that "no ferry license shall be
granted to any person, other than the owner of the land, un-
less such owner shall have notice," &c.   Now, the manifest
object of the notice here required, is to enable the said owner
to appear and claim the license to be granted ; but if his
claim, when he appears, can be arbitrarily and irremediably
rejected, such notice is very much like mockery.   Had the
decision of the county commissioners been adverse to Caro-
thers, it is conceded he might have appealed ; but the reasons
are obviously as strong for allowing the same right to

Wheeler. · Notice of the appeal was not served on Carothers, but this was the fault of the law and not of the appellant, who took all the steps required to perfect his appeal, and was, therefore, entitled to be heard. Notice was served on the county commissioners, as provided by the statute, which seems to go upon the presumption that they, as guardians of the public weal, will attend to the matter before the District Court, and see that justice is done to all concerned. On the 28th of August the commissioners made their decision. Notice and bond for an appeal were filed with their clerk on the 18th of the ensuing September. These dates, it is said, show that the appeal was not taken in twenty days, as required by statute. Reckoning from the 28th of August exclusive, to the 17th of September inclusive, there will be twenty days, but the said 17th was Sunday, so that service on the 18th was right.; for, we hold, upon authority, as well as in accordance with the rule laid down in our statute, that the time within which an act is to be done shall be computed by excluding the first day and including the last, and if the last be Sunday, it shall be excluded. (*Section* 13, *page* 123, *Statutes of Oregon*; 1*st Pick.* 485; *Arnold* v. *U. S.* 9 *Cond.* 104; *Cock* v. *Bunn,* 6 *John. R.* 326.) Carothers further objects and argues, that it does not appear that the notice and bond for an appeal were properly filed, as the endorsements thereon only show that they were filed with "F. S. Holland, clerk," and do not show that he was clerk of the board of county commissioners.

We learn from the record that Holland was clerk for the county commissioners, and also of the District Court; but without this knowledge it would be presumed, from the endorsement, that the said bond and notice were filed in the court from which the appeal was to be taken. Wheeler, it appears, delivered the bond and notice to the proper person, at the proper time; thereby his right to an appeal became perfect.; so that any irregular or informal endorsement afterwards made on such papers, by him with whom they were deposited, could not defeat or affect that right.

Judgment affirmed.