Submitted on briefs. Decided August 3, 1910.

## McCABE-DUPREY TANNING CO. *v.* EUBANKS.

[102 Pac. 795 ; 110 Pac. 395.]

TIME—COMPUTATION—EXCLUDING FIRST DAY.

1. Section 549, B. & C. Comp., provides that the time within which an act is to be done shall be computed by excluding the first day and including the last. Section 549, subd. 2, requires the adverse party within five days after service of the undertaking on appeal to except to the sufficiency of the sureties. A notice of appeal was given on January 23d. On the same day an undertaking was served and filed. *Held* that, in the absence of exceptions to the sufficiency of the sureties, the appeal became perfected on January 29th.

TIME—COMPUTATION—EXCLUDING SUNDAY.

2. Under Section 531, B. & C. Comp., providing that the time within which an act is to be done shall be computed by excluding the first day and including the last, unless the last falls on a Sunday, in which case the last day shall also be excluded, and Section 553 requiring the filing of the transcript on appeal within 30 days after the appeal is perfected, an appellant whose appeal became perfected on January 29th had until March 1st following within which to file his transcript; the first day and the last, February 28th, falling on Sunday, being excluded in computing the time.

CERTIORARI—SUFFICIENCY OF PETITION—MOTION TO QUASH.

3. A motion to quash the writ of review is the proper proceeding to question the sufficiency of the petition. Under Section 596, B. & C. Comp., providing that a writ of review shall be allowed by the circuit court or judge thereof or the county court or judge of the county wherein the decision sought to be reviewed was made, upon petition of the plaintiff, describing the same with convenient certainty, and setting forth the errors alleged to have been committed therein, the merits of the writ will not be heard on a motion to quash, as the proceedings can only be reviewed upon the errors alleged in the petition to have been committed.

JUSTICES OF THE PEACE—JUDGMENT—DOCKETING IN CIRCUIT COURT—PURPOSE.

4. The docketing of the judgment of a justice of the peace in the circuit court does not necessarily terminate the jurisdiction of the justice's court; it being merely a proceeding whereby a creditor may secure a lien for the amount of the judgment upon the real property of the debtor.

JUSTICES OF THE PEACE—JUDGMENT—OPENING.

5. Section 103, B. & C. Comp., gives courts the right to vacate a judgment within one year. for mistake, inadvertence, surprise, or excusable neglect. Section 2237 provides that the rules in justice's courts governing mistakes in pleading, vacating defaults, and judgments for mistake, inadvertence, surprise, or excusable neglect, etc., shall be as prescribed in the code of civil procedure for actions in courts of record. Held, that the right of a justice to vacate a judgment exists, regardless of the filing of the transcript in the circuit court.

JUSTICES OF THE PEACE—REVIEW BY CERTIORARI.

6. The rulings of the justice's court, upon the sufficiency of the pleadings, can be corrected on appeal, but the writ of review only lies to review the action of the lower court when it has exceeded its jurisdiction or has exercised its functions erroneously, and is not the proper method to review erroneous rulings as to the sufficiency of pleadings.

Decided July 13, 1909.

## ON MOTION TO DISMISS.

[102 Pac. 795.]

From Josephine: HIERO K. HANNA, Judge.

This is an action by the McCabe-Duprey Tanning Co. against J. M. Eubanks, commenced in the Justice's Court of Grants Pass District, Josephine County, Oregon, in which court judgment was rendered in favor of defendant on the pleadings. The circuit court rendered a judgment sustaining a writ of review and remanding the cause with directions to try the said action on its merits. From the judgment so entered in the circuit court, the defendant appeals. Respondent files motion to dismiss the appeal.

MOTION DENIED.

*Mr. Marcus W. Robbins,* for the motion.

*Mr. Oliver S. Brown, contra.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. This is a motion to dismiss an appeal on the ground that the transcript was not filed within the prescribed time. The circuit court for Josephine County sustained a writ of review, and remanded the cause to the justice's court for Grants Pass district, with directions to vacate a judgment rendered therein and to try the action on its merits. To reverse the ruling of the circuit court, the defendant gave a notice of appeal, and on January 23, 1909, served and filed an undertaking therefor, to which no exception was taken to the sufficiency of the surety. The adverse party or his attorney must except to the sufficiency of the sureties on the undertaking within five days after service of said undertaking, or he shall be deemed to have waived his right thereto. Section 549, subd. 2, B. & C. Comp.

2. By computing time according to Section 531, B. & C. Comp., the first day, or the 23d of January, is omitted, whereby the fifth day fell on the 28th of that month, following which day the appeal became perfected: *Boothe* v. *Scriber,* 48 Or. 561 (87 Pac. 887: 90 Pac. 1002.) The first day, therefore, on which the transcript could legally be filed was January 29, 1909, and the defendant was required within thirty days therefrom to file in this court a transcript on appeal. Section 553, B. & C. Comp. The statute regulating the manner of computing time is as follows:

"The time within which an act is to be done, as provided in this code, shall be computed by excluding the first day and including the last, unless the last day fall upon a Sunday, Christmas, or other nonjudicial day, in which case the last day shall also be excluded."

Section 531, B. & C. Comp. According to the above rule, by excluding the first day—*i. e.,* the 29th of January

—the defendant had two days remaining in that month and 28 days in February, in order to complete the required 30 days; but as the last day, or the 28th of February, was Sunday, that day was properly excluded, and the defendant was allowed until the following day, or the 1st of March, 1909, within which to file the transcript (*Boothe* v. *Scriber*, 48 Or. 561: 87 Pac. 887: 90 Pac. 1002) ; and, as he filed it with the clerk of this court on that day, he complied with the rule announced.

The motion will therefore be denied.        DENIED.

---

Decided August 3, 1910.

## ON THE MERITS.

[110 Pac. 395.]

This case was submitted without argument, under the proviso of Rule 16 of the Supreme Court, 50 Or. 580 (91 Pac. VIII).        REVERSED.

For appellant there was a brief over the name of *Mr. Oliver S. Brown.*

For respondent there was a brief over the name of *Mr. Marcus W. Robbins.*

MR. JUSTICE EAKIN delivered the opinion of the court.

This is an appeal from a decision of the circuit court sustaining a writ of review issued to the justice's court of Grants Pass district.

On June 23, 1908, plaintiff commenced an action against the defendant in the justice's court to recover $131.72, the amount due for two rolls of leather sold by it to defendant, the complaint alleging that no part of such amount had been paid, except the return of one roll of leather valued at $64.17. A demurrer thereto was filed by defendant, which was overruled by the court, and on

July 2d a judgment was rendered thereon in favor of plaintiff for the sum of $81.05.   Thereafter, on July 6th, plaintiff filed a certified transcript thereof with the county clerk of Josephine County, who immediately docketed the same in the judgment docket of the circuit court.   On the same day defendant filed in the justice's court, under the provisions of Section 103, B. & C. Comp., a motion, based upon an affidavit for an order to be relieved from said judgment, and for leave to answer, for the reason that the same was taken against him through his mistake, inadvertence, surprise, and excusable neglect, which motion was allowed by the court.   An answer was filed on July 8th, which admits the original liability in the sum of $131.72, but alleges that on the 1st day of March, 1905 (1906), "the defendant delivered to the plaintiff one roll of leather; that the plaintiff accepted said roll of leather in full payment, satisfaction, and discharge of the said sum of $131.72."   Thereafter, on July 25, 1908, no reply having been filed, defendant moved the court for judgment upon the pleadings, which motion was resisted by plaintiff, on the ground that on July 6, 1908, a certified transcript of said judgment had been filed in the circuit court of Josephine County, and, by reason thereof, the justice court had no further jurisdiction in the cause.   The court granted the judgment in favor of defendant upon the pleadings.   The petition for the writ of review assigns but one ground of error, viz., that by reason of the filing of the transcript of the judgment in the circuit court on July 6, the said justice's court lost jurisdiction of the cause.   The circuit court sustained the writ but on other grounds, viz., that the answer did not state a good defense, in that it pleaded accord and satisfaction not based upon a valuable consideration, and remanded the cause to the justice court for further proceedings.   Defendant appeals.

3. Defendant demurred to the petition for the reason that it does not state facts sufficient to authorize the issu-

ance of the writ. If we treat the demurrer as a motion to quash the writ, which is the proper proceeding to question the sufficiency of the petition (*Holmes* v. *Cole*, 51 Or. 483, 487: 94 Pac. 964), we find that the facts are set out in the petition at length, and it is sufficient to bring up the error relied on, and the merits of the writ will not be heard on a motion to quash. But the proceeding can only be reviewed upon the errors alleged in the petition to have been committed. Section 596, B. & C. Comp.; *Southern Oregon Co.* v. *Coos Co.*, 30 Or. 250 (47 Pac 852.)

4. We think there is no merit in the contention of plaintiff to the effect that the docketing of the judgment in the judgment docket of the circuit court terminated the jurisdiction of the justice's court. That is a proceeding whereby the judgment creditor may secure a lien for the amount of the judgment upon the real property of the debtor, and a writ issued thereon must be under the control of the circuit court as well as the confirmation of the sale or other proceeding in relation thereto. But it does not have the effect to extinguish the jurisdiction of the justice's court. 15 Pl. & Pr. 229; 17 Am. & Eng. Ency. Law (2 ed.) 842.

5. To so hold would put it in the power of the successful party to prevent an appeal or the correction of errors, and to defeat the right to a set-off against another judgment. Special provision is made by Section 2237, B. & C. Comp., for the vacation of judgments in the justice's court, under Section 103, B. & C. Comp., and this right exists regardless of the filing of the transcript in the circuit court.

6. We also think that the circuit court erred in sustaining the writ because the answer did not state a good defense. The rulings of the justice's court upon the sufficiency of the pleadings can be corrected upon appeal; but the writ of review only lies to review the action of the lower court, when it has exceeded its jurisdiction or has

exercised its functions erroneously; that is, in the manner not authorized by law: *Garnsey* v. *County Court*, 33 Or. 201 (54 Pac. 539, 1089); *Dayton* v. *Board of Equalization*, 33 Or. 131 (50 Pac. 1009). Error of the court in passing upon the sufficiency of the pleadings is not an erroneous exercise of jurisdiction. Even if error was committed, it was done in the rightful exercise of jurisdiction, and is not reviewable in this proceeding.

Therefore the judgment of the circuit court is reversed, and the review dismissed.                    REVERSED.