Argued on motion to dismiss September 11, motion overruled September 23, 1913.
Appeal dismissed as per stipulation June 21, 1915.

## WALLING *v.* LA FOLLETTE.*

(134 Pac. 1192.)

**Appeal and Error—Time for Appeal—Statutory Provisions.**

1. Where a judgment was rendered on January 10, 1913, and the time for taking the appeal under the law then in force would expire on June 10th of that year, the time was extended by Session Laws of 1913, page 617, which went into effect June 3d, and which provided that, where the right to appeal existed at the time the act went into effect, the time should be extended for 60 days thereafter.

**Time—Time for Appeal—Computation—Exclusion of First or Last Day.**

2. In computing the time of such extension, the day on which the act went into effect should be excluded and the last day should be included so that the time would expire on August 2d at midnight.

[As to computation of time, see notes in 7 Am. Dec. 250, 46 Am. Rep. 410; 78 Am. St. Rep. 872.]

From Marion: PERCY R. KELLY, Judge.

This is an action by Lillian Walling, whose name is now Lillian Walling Williams, against A. M. La Fol-

———

*This appeal dismissed on stipulation June 21, 1915.     REPORTER.
    76 Or.—32

lette and Mrs. A. M. La Follette. From a judgment in favor of plaintiff, defendants appeal. Respondent files motion to dismiss the appeal.

                                MOTION OVERRULED.

*Mr. Woodson T. Slater* and *Mr. Myron E. Pogue,* for the motion.

*Mr. John H. McNary, Messrs. Carson & Brown* and *Messrs. Smith & Shields, contra.*

Department 2.    Opinion by MR. CHIEF JUSTICE MC-BRIDE.

This is a motion to dismiss the appeal. Judgment was entered in the Circuit Court on January 10, 1913, under the law as it existed prior to the amendment contained in Chapter 319, Session Laws of 1913. The time for appeal would have expired July 10th of that year. Section 550 of said amendatory act is as follows: "An appeal shall be taken and perfected in a manner prescribed in this section and not otherwise: (1) A party to a judgment, decree or final order or any order from which an appeal may be taken in any action, suit or proceeding, desiring to appeal therefrom, or some specified part thereof, may by himself or attorney give notice in open court, or before the judge if the order, judgment, or decree be rendered or made at chambers, at the time said judgment, decree or order is made, that he appeals from such decision, order, judgment or decree, or from some specified part thereof, to the court to which the appeal is sought to be taken; and such notice shall thereupon, by order of the court or judge thereof, be entered in the journal of the court. If the appeal is not taken at the time the decision, order, judgment or decree is rendered or

given, then the party desiring to appeal may cause a notice, signed by himself or attorney, to be served on such adverse party or parties as have appeared in the action or suit, or upon his or their attorney, at any place in the state, and file the original with proof of service indorsed thereon, with the clerk of the court in which the judgment, decree or order is entered. Such notice shall be sufficient if it contains the title of the cause, the names of the parties and notifies the adverse party or his attorney that an appeal is taken to the Supreme or Circuit Court, as the case may be, from the judgment, order or decree, or some specified part thereof. (2) Within 10 days from the giving of notice or service of notice of the appeal, the appellant shall cause to be served on the adverse party, or his attorney an undertaking as hereinafter provided, and within said 10 days shall file the original of said undertaking, with proof of service indorsed thereon with said clerk. Within five days after the service of said undertaking the adverse party or his attorney shall except to the sufficiency of the sureties in the undertaking, or he shall be deemed to have waived his right thereto. (3) The qualifications of sureties in the undertaking on appeal shall be the same as in bail or arrest, and, if excepted to, they shall justify in like manner. (4) From the expiration of the time allowed to except to the sureties in the undertaking, or from the justification thereof if excepted to, the appeal shall be deemed perfected. When a party in good faith gives due notice as hereinabove provided of an appeal from a judgment, order or decree and thereafter omits, through mistake, to do any other act (including the filing of an undertaking as provided in this section) necessary to perfect the appeal or to stay pro-

ceedings, the court or judge thereof, or the appellate court, may permit an amendment or performance of such act on such terms as may be just. (5) An appeal to the Supreme Court, if not taken at the time of the rendition of the judgment or decree appealed from, or at the time of making the interlocutory order appealed from, shall be taken by serving and filing the notice of appeal, within sixty (60) days from the entry of the judgment, order or decree appealed from or to the Circuit Court within thirty (30) days after such entry and not otherwise: Provided, that in all cases where the right to an appeal to the Supreme Court shall exist at the time this act shall come into force, the time for taking such appeal is hereby extended for the period of sixty (60) days thereafter.'' This act went into effect June 3, 1913. The notice of appeal and undertaking were served and filed August 2, 1913.

On behalf of the motion it is contended: (1) That the amendment referred to does not operate to extend the time for appeal in any case beyond six months; (2) that, if it be held that such extension is granted by the amendment referred to, the appeal is still a day too late.

1. The first contention of plaintiff has recently been passed upon by this court in *Columbia City Land Co.* v. *Ruhl,* 70 Or. 246 (134 Pac. 1035), wherein it was held that the amendment in question extended the time for appeal in all cases 60 days from June 3, 1913.

2. Excluding June 3d, the day upon which the law went into effect, and including the last day in the computation of the 60 days, defendant's right to appeal would expire at 12 o'clock, midnight, August 2d. This rule of computation has been followed by this court in the following cases: *Boothe* v. *Scriber,* 48 Or. 561 (87

Pac. 887, 90 Pac. 1002); *McCabe-Duprey Tanning Co.*
v. *Eubanks,* 57 Or. 44 (102 Pac. 795, 110 Pac. 395);
*Pringle Falls Electric Power & Water Co.* v. *Patterson,* 65 Or. 474 (128 Pac. 820).

These decisions are controlling in this case, and the
motion is therefore overruled.

MOTION OVERRULED.

MR. JUSTICE BEAN and MR. JUSTICE EAKIN concur.

MR. JUSTICE MCNARY not sitting.