Argued March 15; affirmed April 5, 1932

## STEEVES *v.* STEEVES

(9 P. (2d) 815)

*John J. Beckman,* of Portland, and *E. K. Piasecki,* of Salem for appellant.

*James G. Heltzel* and *W. E. Keyes,* both of Salem, for respondent.

CAMPBELL, J. This is an appeal from an order of the circuit court refusing to set aside a decree and permit appellant to file an answer.

Plaintiff filed his complaint for divorce from defendant in the circuit court of Marion county, Oregon, June 2, 1930. Summons thereupon issued and was served on defendant, the same day in said county. On June 13, 1930, an order of default was entered, testimony submitted, and a decree entered in favor of plaintiff. On July 21, 1930, plaintiff filed a motion to set aside the decree on the ground that it was obtained by agreement between parties, which agreement defendant was coerced into making. On September 16, 1930, appellant filed in court an agreement, executed by herself and plaintiff, settling the property rights between them and adjusting the differences growing out of the decree of divorce. Attached to this agreement was a letter dated September 13, 1930, signed by appellant, addressed to the trial court, wherein she states:

"I am directing this to you, to inform you that I have adjusted all my difficulties with Dr. Laban A. Steeves, concerning a property settlement growing out of our recent divorce proceedings, and have entered into an agreement with him, a copy of which is attached to this letter. In view of this settlement, it is my desire that you dismiss the application now pending before you, to reopen the case of Laban A. Steeves v. Martha J. Steeves, in which a decree was rendered by you on June 13, 1930; so that no further proceedings in this matter will be had."

Thereupon the court entered an order denying the motion to set aside the decree.

Throughout the negotiations for the settlement referred to, appellant was represented by able counsel of her own selection. On November 12, 1930, a second

motion to set aside the default and vacate the decree, and to allow the appellant to file an answer which was tendered with the motion, on the ground that said decree was "prematurely entered and by agreement between the parties"; which agreement defendant was induced to enter into through coercion, intimidation and threats. This motion was submitted to the court on affidavits and counter-affidavits. Upon examination of the record as thus made and after argument of counsel, the court denied the motion.

Defendant appeals.

■ The principal ground upon which appellant relies is that the decree was prematurely entered:

"If the defendant be served within the county in which the action is commenced he shall appear and answer the complaint within ten days from the date of the service * * *." Oregon Code 1930, 1-502.

"The time within which an act is to be done, as provided in this code, shall be computed by excluding the first day and including the last, unless the last day fall upon Sunday, Christmas, or other non-judicial day, in which case the last day shall also be excluded." Oregon Code 1930, 7-109.

No case has been called to our attention, nor have we been able to find any, where this court has placed an interpretation on section 7-109 as applied to time for answer under section 1-502. We are of the opinion that what the legislature intended is that the defendant, when served within the county where the action was begun, should have ten full days in which to answer, exclusive of the day on which he was served. If the tenth day should be a non-judicial day, he would then have one more day. This court has heretofore seemed to indicate a different rule of construction of computing time in reference to appeals. However, on

appeals its holding has not been uniform. The earliest decision of this court that we have found is *Carothers v. Wheeler,* 1 Or. 194. We quote Chief Justice GEORGE H. WILLIAMS, who wrote the opinion:

"On the 28th of August the commissioners made their decision. Notice and bond for an appeal were filed with their clerk on the 18th of the ensuing September. These dates, it is said, show that the appeal was not taken in twenty days as required by statute. Reckoning from the 28th of August exclusive, to the 17th of September inclusive, there will be twenty days, but the said 17th was Sunday, so that service on the 18th was right; for we hold, upon authority, as well as in accordance with the rule laid down in our statute, that the time within which an act is to be done shall be computed by excluding the first day and including the last, and if the last be Sunday, it shall be excluded."

The last expression of this court we find:

"On grounds of *stare decisis,* we follow the construction of the foregoing section of the code as it applies to appeals, given in a per curiam opinion where it was said, 'The method of computing time within which a notice of appeal shall be served and filed may be said to have been in a state of uncertainty until the case of the United States National Bank v. Sheffler, 77 Or. 579, 143 P. 51, in which case it was held by this court, though not without dissent, that the day following the entry of a judgment was to be excluded in the computation of time. This rule, having been generally accepted by the profession, will be adhered to, though there are authorities holding a contrary doctrine': In Re Anderson's Estate, 101 Or. 94, 188 P. 164." Re Application of Riggs, 105 Or. 531 (207 P. 175); Boothe v. Scriber, 48 Or. 561 (87 P. 887); Pringle Falls Power Co. v. Patterson, 65 Or. 474 (128 P. 820, 132 P. 527).

◼ We hold that where default was not entered until the full ten days had expired, exclusive of the day of

service, default was not prematurely taken. Neither was the decree entered after such default, prematurely entered. For a full discussion of the computation of time see note to *Halbert v. San Saba Springs, Etc.,* 49 L. R. A. 193; *State v. Elson,* 77 Ohio St. 489 (83 N. E. 904, 15 L. R. A. (N. S.) 686).

■ Upon the showing made by the affidavits in support of motion to set aside the decree on the ground that defendant was coerced or intimidated into signing the agreement of settlement and request for the dismissal of her first motion, the trial court committed no error in denying the motion. As a general rule it is the policy of the courts to grant trials on the merits: *Carmichael v. Carmichael,* 101 Or. 172 (199 P. 385). The party seeking to vacate and set aside a decree must act with reasonable diligence and show good cause. Courts are usually liberal in opening up a default or setting aside a decree or judgment during the term in which it was entered. However, a different rule obtains after the term is closed. The action of the court in refusing to set aside a decree or judgment will not be reviewed except for an abuse of discretion: *Carmichael v. Carmichael,* supra.

The decree of the circuit court will be affirmed without costs to either party in this court.

It is so ordered.

BEAN, C. J., BROWN and ROSSMAN, JJ., concur.