Motion to dismiss appeal denied June 28, 1932; argued February 9;
affirmed March 21, 1933.

TURNBOW ET UX. *v.* KELLER ET UX.

(12 P. (2d) 558, 19 P. (2d) 1089)

*Louis E. Schmitt,* of Portland, and *C. W. Noyes,* of Tigard, for the motion.

*G. Evert Baker* and *Lida M. O'Bryon,* both of Portland, opposed.

BEAN, C. J. Respondents move to dismiss the appeal in this cause for the reason that the transcript was not filed within thirty days after the undertaking on appeal was approved and the appeal was abandoned; and also that the appellants have elected to perform part of the decree prior to the appeal.

An undertaking was filed April 25, 1932. The respondents, under the provisions of section 7-503, subdivision 2, had five days within which to except to the sufficiency of the sureties. Subdivision 4 of that section provides that from the expiration of the time allowed to except to the sureties in the undertaking the appeal shall be deemed perfected. Five days from April 25, 1932, the appeal became perfected, or on May 1, 1932.

Section 7-507 provides that upon the appeal being perfected the appellant shall, within thirty days thereafter, file the transcript with the clerk of the appellate court. The transcript was filed in this case on May 31, which was within the thirty days allowed by law.

■ Counsel for appellants call attention to the fact that according to the computation of respondents the thirty days would end on May 30, 1932, which was a holiday. Therefore the transcript could be filed on May 31, 1932. The transcript was filed within the statutory period of thirty days.

■ The respondents show that an interlocutory decree was entered giving the defendants ninety days in which to pay the plaintiffs the amount due on a contract for a deed, claiming that the appellants paid $50 within

the ninety days "to apply on the judgment under said interlocutory decree". This is contradicted by the appellants. According to the statement of respondents payment was made before the final decree was entered. There could be no acquiescence in the decree until the same was rendered and entered.

The motion to dismiss the appeal is not maintainable on either ground mentioned.

Motion denied.

## ON THE MERITS
(19 P. (2d) 1089)

*Lida M. O'Bryon,* of Portland (G. Evert Baker, of Portland, on the brief), for appellants.

*Louis E. Schmitt,* of Portland (C. W. Noyes, of Tigard, on the brief), for respondents.

ROSSMAN, J. This is a suit to foreclose the vendee's rights under a contract which the plaintiffs and the defendant R. A. Keller signed January 18, 1929, wherein Keller undertook to purchase from the plaintiffs a parcel of real property in Washington county, at the price of $700, payable $200 at the time of the execution of the contract, $150 July 1, 1929, and $350 January

18, 1930. It made time the essence of the contract. The complaint alleges that Keller paid on account of the purchase price $350; that the balance was due and unpaid; that, simultaneous with the filing of the complaint, the plaintiffs deposited with the clerk of the court a deed for delivery to the defendant upon payment of the balance of the purchase price. The answer admits execution of the above-mentioned contract and alleges that the defendants had paid $397 on principal and $70.25 on interest; that the defendants had delivered to the plaintiffs merchandise of the value of $30.25, and ''had made improvements in clearing the land at an actual cost of $120''. It further alleges that the plaintiffs had removed from the land a small structure and materials forming a part of a barn and had thereby damaged the property to the extent of $200. It concludes with an averment that the unpaid balance of the purchase price was $303 and that it should be further reduced $200 by crediting upon the purchase price the value of the articles removed by the plaintiffs. The reply alleges that the defendants were indebted to the plaintiffs to the extent of $124.30 on account of services performed by the plaintiffs for the defendants, and that, by mutual agreement, the supplies of the value of $30.25, mentioned in the answer, were applied by the plaintiffs on that indebtedness. All remaining allegations of the answer are denied. The findings of fact recite that at the time of the trial (July 30, 1931) the sum of $401.50 remained due and unpaid upon the purchase price of the property; that the allegations of the answer which aver that the defendants are entitled to the additional credits mentioned therein are untrue; ''that there has been no destruction or waste committed upon said premises by the plaintiffs, nor has there been any removal of physical property therefrom

by the plaintiffs subsequent to the execution and delivery of the contract * * * nor has there been any conduct upon the part of the plaintiffs that in any way constitute a breach of the terms of said contract authorizing either a reduction of the purchase price or a decree of cancellation of the contract and reimbursement of the defendants for the amounts paid thereon''. August 20, 1931, an interlocutory decree was entered which granted the defendants 90 days to pay the balance of the purchase price, the interest, an allowance of $75 for an attorney's fee and the costs; and directed that thereupon a deed should be delivered to the defendants; that, in the event the defendants failed to pay the aforementioned sums, a final decree should be entered forever barring them of any interest in the property. January 23, 1932, the defendants having failed to pay the sums mentioned in the interlocutory decree, a final decree was entered barring them of any interest in the property. The record shows that objections to the above-mentioned findings of fact were presented by the defendants and argued; that after the entry of the interlocutory decree they filed and argued a ''motion for a rehearing''; and that after the entry of the final decree they filed and argued a motion to set aside the decree. They have now appealed.

It will be seen from the preceding statement that the issue presented by the pleadings is the amount of credits to which the defendant Keller was entitled upon the purchase price of the property. Several witnesses were called by both parties and a sharp issue developed. A reading of the evidence indicates that the controversy developed many of the features of a neighborhood row; in fact, of a family row, as the parties are related. Three witnesses called

by the plaintiffs in rebuttal testified that Keller bore a bad reputation for truth telling. None came to his support. During the course of the trial the trial judge viewed the premises and thus had an opportunity to observe whether the plaintiffs had removed from the barn, mangers, a partition, a wooden ceiling, water pipes, a faucet and electrical wiring, as claimed by Keller's witnesses. Still later, in disposing of one of the motions, he again visited the premises. His findings were favorable to the plaintiffs. We have carefully read the transcript of the evidence and are also under the impression that it preponderates in favor of the plaintiffs. It indicates that the plaintiffs were at all times ready, willing and able to discharge the obligations imposed upon them by the contract, and that no rescission of it occurred. It follows that this case is not governed by the rules governing a rescinded property purchase contract applied in *Olson v. Pixler,* 138 Or. 250 (6 P. (2d) 23). To the contrary, since the vendors have been shown to have been at all times ready, willing and able to perform their contract, they are entitled to the benefit of the rules which grant such vendors a decree of strict foreclosure: *Anderson v. Morse,* 110 Or. 39 (222 P. 1083); *Anderson v. Hurlbert,* 109 Or. 284 (219 P. 1092); and *Sheehan v. McKinstry,* 105 Or. 473 (210 P. 167, 34 A. L. R. 1315). Likewise, since the defendants were in default and no rescission of the contract had been effected, they were not entitled to recover the payments which they had made upon account: *Cornely v. Campbell,* 95 Or. 345 (186 P. 563, 187 P. 1103). The defendants seem to believe that they were entitled to notice before this suit was instituted. We know of no rule of law which justifies this contention: Wiltsie on Mortgage Foreclosure (3d Ed.), § 49; 41 C. J., Mortgages, p. 877,

§ 1085. The evidence, however, indicates that the plaintiffs made frequent demands upon the defendants for payment of the overdue installments; that the plaintiffs employed an attorney who wrote to the defendants, requesting payment; that later the defendants employed an attorney and that after the two attorneys had conferred the demand for payment was denied; and that still later the defendant Keller positively refused to make further payments. It is evident that under such circumstances this contention clearly lacks merit: *Anderson v. Hurlbert,* supra. The testimony that Keller improved the property is fragmentary and fails to indicate that the value of the property was enhanced by anything which he did while in possession. The contract contains no provision that an allowance should be made to the defendants in the event they improved the property. Under these circumstances the defendants are entitled to no credit upon the purchase price: *Anderson v. Morse,* supra.

It follows from the foregoing that the decree of the circuit court is affirmed.

RAND, C. J., BELT and KELLY, JJ., concur.