Motion to dismiss appeal September 16, denied November 10, 1954, appellants motion to dismiss appeal March 1, appeal dismissed March 16, 1955

IN THE MATTER OF THE ESTATE OF LOUIS E. MEYER, DECEASED

MEYER *v.* MEYER, EXECUTRIX

276 P. 2d 386

*Leland F. Hess* and *Clayton R. Hess,* of Portland, for the motion.

*Maguire, Shields, Morrison & Bailey* and *Randall B. Kester,* of Portland, contra.

ROSSMAN, J.

This cause is before us upon a motion filed by the respondent to dismiss the appeal. The appellant is Walter E. Meyer and the respondent is Florence Polen

Meyer. The motion to dismiss is based upon the contentions that the undertaking upon appeal was filed tardily and that the cause has become moot. The order which is challenged by the appeal denied a motion made by the appellant in the probate department of the circuit court for the removal of the respondent as executrix of the estate of one Louis E. Meyer, deceased. The petition for the removal stated as its basis the following:

"* * * her personal interests are in conflict with her duties as executrix of the estate of Louis E. Meyer, and she is not able faithfully and diligently to perform her duties as such executrix as by law required."

The notice of appeal was filed September 3, 1954, and the undertaking September 14, 1954. ORS 174.120 provides:

"The time within which an act is to be done, as provided in the civil procedure statutes, is computed by excluding the first day and including the last unless the last day falls upon any legal holiday or on Saturday, in which case the last day is also excluded."

*Re Application of Riggs,* 105 Or 531, 207 P 175, 207 P 1005, 210 P 217, says:

"How time shall be computed is a matter which has been litigated since the existence of the common law. In the computation of the period of time, the contest has generally been: Which day shall be included and which excluded? It would be difficult, however, to extract any uniform rule from the diverse holdings of the courts on this question: *Hahn v. Dierkes,* 37 Mo. 574. It is not really important which rule is adopted, but it is of great interest to the profession in the practice of the law that uncertainty on this subject should be avoided: *Blake v. Crownshield,* 9 N. H. 304-307. We are

familiar with all the holdings of our court upon this subject. But in the case at bar, the appellant had a right to rely upon the latest expression of this court relating to the computation of time in the matter of appeals.''

In denying the motion to dismiss, the court gave effect to the rule employed in previous decisions and thereby held that the first full day following the entry of the judgment or decree must be excluded. Later holdings to like effect are *Osborne v. Zimmerman,* 165 Or 92, 105 P2d 1097, and *Phillips v. Elliott,* 144 Or 694, 17 P2d 1119.

We believe that the undertaking upon appeal was filed timely.

So far as we can determine, this case has not become moot. The charge against the respondent, which avers her unfitness for the office of executrix, still stands. In support of the motion to dismiss the appeal, the respondent contends, however, that even granted that she has a personal interest which rendered her appointment unwarranted, subsequent events have rendered it inopportune for the appellant to demand her removal. We are unable to determine from the record the merits of that contention. This cause is one of several related cases and the record in this case refers to at least one of them. The entire records in the related cases have not yet come to the files of this court. Seemingly, it is necessary to consider the record in at least one of the related cases in order to determine the merits of the respondent's position. The latter has not been sufficiently briefed to render it possible for us to determine this motion advisedly.

The motion to dismiss is denied.