Argued November 19, reversed December 23, 1959

# BEARDSLEY v. HILL
348 P. 2d 58

*James K. Buell,* Portland, argued the cause for the appellant. With him on the brief were Phillips, Coughlin, Buell & Phillips, Portland.

*James O. Goodwin,* Oregon City, argued the cause for the respondent. With him on the brief were Arthur B. Baines, Portland, and Glenn R. Jack, Oregon City.

Before McAllister, Chief Justice, and Rossman, Sloan and King, Justices.

## SLOAN, J.

This was an action for personal injuries. The jury returned a verdict for defendant; judgment was entered accordingly. The trial court allowed plaintiff's motion for a new trial and defendant appeals from that order. The assignments challenge the allowance of the order on the merits and also present the issue that the order allowing the new trial was not filed within fifty-five days. (ORS 17.615) We have concluded that the order was not timely filed and there-

fore will not be required to consider the correctness of the trial court's ruling in allowing the motion.

The judgment for defendant was entered on November 16, 1956. Thereafter the motion for new trial was filed by plaintiff. On January 10, 1957, the trial court mailed a letter to respective counsel in which he stated that an erroneous instruction had been given in the trial of the case. He concluded the letter by stating: "The verdict and judgment rendered are hereby set aside, and plaintiff's motion for a new trial is granted." On January 11, 1957, an order was signed by the judge and entered in the clerk's files. The order recited that the letter of the day before was attached to the order.

■ It was contended by plaintiff, and the trial court ruled, that the letter was an appealable order and the date of the letter (January 10, 1957) must be the date to be used in deciding when the fifty-five days terminated. This is not in accord with *Barone v. Barone*, 207 Or 26, 294 P2d 609, and *Ernst v. Logan Oldsmobile Co.*, 208 Or 449, 302 P2d 220. The memorandum opinion of the court, in the form of a letter, was not an order and even if it were it was not filed until the next day. The cases cited hold, and we consider it to be an important rule of orderly practice, that a memorandum opinion of the trial court does not become effective until it is reduced to a proper order, judgment or decree and entered in the records of the case in the office of the clerk. Anything less than a rigid adherence to such a rule gives rise to uncertainty; it would then be impossible to determine what is an order and what a mere opinion and upon what date did it become effective.

The issue of importance in this case involves the seemingly simply question of how to count 55 days,

when to begin and when to end. The statute which must govern this question is ORS 174.120:

> "The time within which an act is to be done, as provided in the civil procedure statutes, is computed by excluding the first day and including the last unless the last day falls upon any legal holiday or on Saturday, in which case the last day is also excluded."

This statute has been on the books since 1862 with only immaterial changes.

Since that date this court has had occasion to apply it, by one means or another, something over 30 different times. It is understatement to say that the result has not been uniform or consistent. A good analysis of the cases is to be found in a note at 26 OLR 202. The note concludes with this tally of the cases (p. 209):

> "In trying to state the law as it is today, the following can be said. In computing the time allowed in which to file a notice of appeal, the majority of Oregon cases exclude the day after judgment.[49] This actually gives sixty-one full days in which to act instead of the sixty days allowed by statute. Two cases hold the contrary view.[50] Only one case deals with computation of the time allowed in which to file an undertaking after notice of appeal has been given.[51] In this case, the day after the appeal was taken is excluded and a full eleven days by actual count are allowed. The statute allows ten. In computing the time in which an exception shall be made to the sufficiency of sureties after an undertaking has been filed (that is, the time for perfecting an appeal), the court in the majority of cases does not exclude the day after

---

"[49] United States Nat'l Bank v. Schefler, 77 Or. 579, 152 Pac. 234 (1914); Nealson v. Ring, 98 Or. 490, 184 Pac. 275 (1919); In re Andersen's Estate, 101 Or. 94, 188 Pac. 164 (1921); Phillips et al v. Elliott, 144 Or. 694, 17 P. (2d) 1119 (1933).

"[50] Walling v. La Follette, 76 Or. 497, 134 Pac. 1192 (1913); Rayburn et ux v. Norton, 150 Or. 140, 36 P. (2d) 986 (1934).

"[51] Vincent v. First Nat'l Bank, 76 Or. 579, 149 Pac. 938 (1914)."

the undertaking was filed, but gives just five full days.[59] But here again there are cases holding that six full days by actual count will be given before the appeal is perfected.[60] The time allowed in which to file a transcript after the appeal has been perfected is in a great majority of cases determined by excluding the day after the appeal was perfected, thereby giving thirty-one full days by actual count.[61] The statute only allows thirty. There are, however, two cases to the contrary, one allowing only twenty-nine days and the other thirty.[62] There are a few other cases in which the statute called for five-, ten-, or twenty-day periods within which to complete an act; in these cases, the court excluded only the day of the given date or event.[63] An over-all summary shows that the court, in its computations of time, has excluded the day following the given date or event sixteen times, and has excluded only the day of the given date or event fourteen times.[64]"

Further review of the cases would not be profitable. Anyone who desires to pursue the subject further will find no explanation for the inconsistent interpretation of the statute involved. A somewhat typical

"[59] Booth v. Scriber, 48 Or. 561, 87 Pac. 887 (1906); McCabe-Duprey Tanning Co. v. Eurbanks, 57 Or. 44, 102 Pac. 795 (1910); Kingsley v. Kressly, 60 Or. 167, 111 Pac. 385 (1910); Pringle Falls Power Co. v. Patterson, 65 Or. 474, 128 Pac. 820 (1913); Cauldwell v. Bingham and Shelly Co., 84 Or. 257, 155 Pac. 190 (1916); In re Losie's Estate, 156 Or. 207, 64 P. (2d) 525 (1937); Sherwood v. State Industrial Accident Commission, 164 Or. 674, 103 P. (2d) 714 (1940).

"[60] Re Application of Riggs et al., 105 Or. 531, 207 Pac. 175 (1922); Turnbow v. Keller, 142 Or. 200, 12 P. (2d) 558 (1932); Elven v. Smith, 156 Or. 669, 69 P. (2d) 523 (1937); Osborne v. Zimmerman, 165 Or. 92, 105 P. (2d) 1097 (1940) (this case involved a five-day period in which to file notice of contest after a primary election).

"[61] Booth v. Scriber, 48 Or. 561, 87 Pac. 887 (1906); McCabe-Duprey Canning Co. v. Eurbanks, 57 Or. 44, 102 Pac. 795 (1910); Kingsley v. Kressly, 60 Or. 167, 111 Pac. 385 (1910); Pringle Falls Power Co. v. Patterson, 65 Or. 474, 128 Pac. 820 (1913); Re Application of Riggs et al., 105 Or. 531, 207 Pac. 175 (1922); In re Losie's Estate, 156 Or. 207, 64 P. (2d) 525 (1937); Sherwood v. State Industrial Accident Commission, 164 Or. 674, 103 P. (2d) 714 (1940).

"[62] Twenty-nine days: Turnbow v. Keller, 142 Or. 200, 12 P. (2d) 558 (1932); thirty days: Elven v. Smith, 156 Or. 669, 69 P. (2d) 523 (1937).

"[63] John Carother v. J. M. Wheeler, 1 Or. 194 (1855); Nicklin v. Robertson, 28 Or. 278, 42 Pac. 993 (1895); Steeves v. Steeves, 139 Or. 261, 9 P. (2d) 815 (1932).

"[64] Turnbow v. Keller, 142 Or. 200, 12 P. (2d) 558 (1932), actually failed to exclude even the day of the given date or event."

situation is found in *Phillips v. Elliot,* 144 Or 694, 17 P2d 1119, 25 P2d 557. That case follows the rule that the first full day following the entry of judgment shall not be counted. In doing so it cites and relies upon *Steeves v. Steeves,* 139 Or. 261, 9 P2d 815. The Steeves case involves the computation of time to be applied following the service of summons before the person served is in default. However, in Steeves the court held that the first day following the day of summons is served shall be counted. This previous treatment by the court also provides an example of the difficulty in referring to any of the decided cases as authority for adhering to either method of computing time. Frequently, it is difficult to tell what method the court used.

We think it imperative that a uniform rule for the intepretation of ORS 174.120 be adopted. It is, therefore, our present intention to eliminate the inconsistencies above mentioned and to now pronounce the rule to be followed in all cases without deviation. We shall not count the day upon which the precipitating event occurs. By the term "precipitating event" we mean the day the act or thing is done or time expires. By example: the day the judgment is filed, the day the undertaking is filed, the day the time expires to except to sureties, the end of an election day which marks the time for counting the days permitted for filing a protest (*Osborne v. Zimmerman,* 165 Or 92, 105 P2d 1097), the day a summons is served and the other events which precipitate or require the beginning of the computation of time. The next day shall be counted. There shall not hereafter be an intervening full day next following the day upon which the act or event occurs. In other words, as in this case, the judgment was filed on November 16, 1956.

Therefore, November 17, 1956, became day number one. Day number 55 was January 10, 1957. The same method of computation shall be applied to any act or event governed by ORS 174.120, including the counting of time for the filing of a notice of appeal.

In regard to the counting of time for the notice of appeal we must and do recognize that this court has been somewhat more consistent than in the other cases. That is, the court has held that in computing the time for the giving of the notice of appeal the first full day after the entry of judgment does *not* count. *Phillips v. Elliot,* supra. However, we can see no logical reason for treating a notice of appeal in any different mode than that required for other acts controlled by ORS 174.120. For obvious reasons there is no sense in applying one rule for the notice of appeal, for example, and a different rule in computing the time when the bill of exceptions should be filed or an order allowing a new trial. We shall not apply this rule to those cases in which the notice of appeal has been filed in reliance upon the previous decisions now overruled. After the publishing of this opinion the rule will apply. Thereafter, "the time within which an act is to be done, as provided in the civil procedure statutes" shall be computed by counting the first day following what we have chosen to call the precipitating event. The exact day the judgment is filed or other act done, or the precise day a time expires is the only day not counted. We hope that this is clear.

Of necessity this opinion acts to overrule previous decisions of this court. We specifically overrule *Phillips v. Elliot,* supra; *United States Nat. Bank v. v. Shefler,* 77 Or 579, 143 P 51, 152 P 234; *In re Andersen's Estate,* 101 Or 94, 188 P 164, 198 P 236; *Re Ap-*

*plication of Riggs et al,* 105 Or 531, 207 P 175; 207 P 1005, 210 P 217; *Meyer v. Meyer, Executrix,* 203 Or 578, 276 P2d 386. All other cases which we do not attempt to name are to be disregarded insofar as they may conflict with the rule herein set forth. What we have said should indicate that it is impossible, in some instances, to tell which of the cases would be contrary.

So that we may not be accused of inflicting an undue hardship upon this particular plaintiff we desire to mention that we have grave doubt that we would sustain the order allowing the motion for new trial if we were to dispose of the case on its merits. The only reason assigned by the trial court for allowing the motion was the giving of an instruction which could be construed to place the burden of proving want of contributory negligence upon the plaintiff. No exception was taken to the instruction in question during the trial. In view of the other clear, understandable instructions given we would find great difficulty in holding that prejudicial error was committed. We prefer to determine and decide the case upon the much more decisive and important issue presented by the construction to be placed upon ORS 174.120.

It follows that the instant case must be reversed and the judgment reinstated. It is so ordered.