No. 6 April 26, 2018 81

## IN THE OREGON TAX COURT
## REGULAR DIVISION

Matthew D. ORTH,
and Elizabeth D. Orth,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5320)

Plaintiffs (taxpayers) appealed from a Magistrate Division decision. Taxpayers' attorney filed a complaint via the State of Oregon's electronic filing system. Defendant filed a motion to dismiss on the ground that the complaint was time-barred as it was filed one day later than the 60-day limit allowed. Taxpayers argued that the Magistrate Division Decision was never "entered" for purposes of ORS 305.501(5)(a) because the Magistrate Division had not "entered" it in the manner required for judgments by ORS 18.075(1). Taxpayers further argued that based on ORS 174.120(2), the 60-day appeal period did not begin to run until December 2, 2017—one day later than the commencement date that the Defendant asserted. Taxpayers finally argued that the court should exercise discretion to hear the appeal, noting that ORS 305.425(2) provides that the deadline to bring a proceeding is "a period of limitations and is not jurisdictional." Granting Defendant's motion to dismiss, the court ruled that ORS chapter 18 does not apply to the Tax Court, and that a Magistrate Division Decision is not a judgment per that chapter. The court further ruled that taxpayers' theory under ORS 174.120(2) would forever preclude the commencement of the period of limitations in ORS 305.501(5)(a) creating an absurd result in conflict with the Oregon Supreme Court's longstanding interpretation of subsection (1) and subsection (2) of ORS 174.120.

Submitted on Defendant's Motion to Dismiss.

James C. Strong, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant Department of Revenue.

Karianne Conway, Gleaves Swearingen Potter & Scott LLP, Eugene, filed the response for Plaintiffs (taxpayers).

Decision for Defendant rendered April 26, 2018.

**ROBERT T. MANICKE, Judge.**

This matter comes before the court on Defendant's Motion to Dismiss, filed February 28, 2018, and Plaintiff's response to the motion, filed March 9, 2018. At the court's

direction, Defendant filed a reply to Plaintiff's response on March 23, 2018. Pursuant to Tax Court Rule (TCR) 21 A(9), Defendant moved to dismiss Plaintiffs' complaint on the ground that it was time-barred because it was not filed within the 60-day time period for appeal of a Magistrate Division decision as required by ORS 305.501(5)(a) and (7).[1]

There is no dispute as to the relevant facts: Plaintiffs pursued an appeal in the Magistrate Division of an assessment of personal income tax. The magistrate issued a "Final Decision" (the Decision) that indicated that it was "dated," "filed," and "entered" on November 30, 2017. In response to the Decision, counsel for Plaintiffs electronically filed a complaint in the Regular Division. The date and time affixed to the complaint by the court's electronic filing system is January 30, 2018, at 4:39 p.m.

ORS 305.501(5)(a) provides:

> "Any party dissatisfied with a written decision of a magistrate may appeal the decision to the judge of the tax court by filing a complaint in the regular division of the tax court *within 60 days after the date of entry* of the written decision."

(Emphasis added.) ORS 305.501(7) states, in relevant part:

> "If no appeal is taken to the tax court judge within 60 days, the decision of the magistrate shall become final. The tax court shall enter a judgment enforcing all final decisions of the magistrate, which judgment shall be binding upon all parties."

Defendant Department of Revenue asserts that Plaintiffs filed their complaint one day late. Defendant began the 60-day count on December 1, 2017—the day after the November 30, 2017, date displayed on the Decision. Accordingly, Defendant concluded that the 60th day "after the date of entry" of the Decision was January 29, 2018.

Plaintiffs raise three arguments in resisting Defendant's Motion to Dismiss. Plaintiffs first argue that the Decision was never "entered" for purposes of ORS 305.501 (5)(a) because the Magistrate Division has not "entered" it in

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to the 2017 edition.

the manner required for judgments by ORS 18.075(1). ORS 18.075(1) provides:

> "A judgment is entered in circuit court when a court administrator notes in the register that a judgment document has been filed with the court administrator."

Plaintiffs' argument fails for two reasons. First, ORS chapter 18 does not apply to the Tax Court. *See* ORS 18.025 (omitting the Tax Court from the list of courts to which chapter 18 applies); *Perkins v. Dept. of Rev.*, 22 OTR 370, 378 (2017). Second, the Decision is not a judgment; therefore, the procedures in chapter 18 cannot apply. ORS 305.501(7) makes clear that the Magistrate Division issues "decisions." This court issues a "judgment" enforcing a Magistrate Division decision only if no appeal to the Regular Division is taken within the 60-day period. Thus, even if chapter 18 were to apply, the Decision is not a document capable of being "entered" in the manner contemplated by ORS 18.075.

Plaintiffs next argue that the 60-day period did not begin to run until December 2, 2017—one day later than the commencement date that the Defendant asserts. By this theory, Plaintiffs' complaint was timely filed on the last allowable day. Plaintiffs base this argument on ORS 174.120(2), which states:

> "For the purposes of determining whether a person has complied with a statutory time limitation governing an act to be performed in a circuit court, the Oregon Tax Court, the Court of Appeals or the Supreme Court, *the time prescribed by law for the performance of the act does not include the day on which the specified period begins to run*. The designated period does include the last day unless the last day is:
>
> "(a)  A legal holiday or Saturday;
>
> "(b)  A day on which the court is closed for the purpose of filing pleadings and other documents;
>
> "(c)  A day on which the court is closed by order of the Chief Justice, to the extent provided by the order; or
>
> "(d)  A day on which the court is closed before the end of the normal hours during which pleadings and other documents may be filed."

(Emphasis added.)

The court interprets ORS 174.120(2) based on its text, context, and legislative history. *See State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009). The text, in isolation, could be read to support Plaintiffs' position. Applying the plain text of ORS 174.120(2) to ORS 305.501(5)(a), the day "on" which the 60-day period began to run is the first day "after the date of entry of the written decision," namely, the first day after November 30, 2017, which is December 1, 2017, as explained above. By Plaintiffs' theory, ORS 174.120(2) requires December 1, 2017, to be excluded, so that the 60-day period would start to run on December 2, 2017, causing Plaintiffs' complaint to have been timely when it was filed on January 30, 2018.

Taken to its logical conclusion, however, this theory would forever preclude the commencement of the period of limitations in ORS 305.501(5)(a). The 60-day period could not actually commence on December 2, 2017, because that date would be the new "day on which the specified period begins to run," causing the commencement of the 60-day period to shift to December 3, 2017, and then to December 4, 2017, and so on. Thus, a text analysis of ORS 174.120(2) as applied to the statute of limitations in ORS 305.501(5)(a) reveals that Plaintiffs' theory produces an absurd result.

The textual context shows that Plaintiffs' theory would place subsection (2) of ORS 174.120 in conflict with the Oregon Supreme Court's longstanding interpretation of subsection (1). ORS 174.120(1) provides:

> "The time within which an act is to be done, as provided in the civil and criminal procedure statutes, is computed by excluding the first day and including the last day, unless the last day falls upon any legal holiday or on Saturday, in which case the last day is also excluded."

The above language is identical, for all purposes relevant to this case, to the text before the Supreme Court in *Beardsley v. Hill*, 219 Or 440, 348 P2d 58 (1959). After reviewing numerous cases in which the court had reached dramatically varying interpretations since the legislature first adopted the text in 1862, the court announced an interpretation that it intended should apply uniformly in all future cases:

> "We shall not count the day upon which the precipitating event occurs. By the term 'precipitating event' we mean the day the act or thing is done \* \* \*. By example: the day the judgment is filed \* \* \*. The next day shall be counted. *There shall not hereafter be an intervening full day next following the day upon which the act or event occurs.* In other words, as in this case, the judgment was filed on November 16, 1956. Therefore, November 17, 1956, became day number one. \* \* \* The same method of computation shall be applied to any act or event governed by ORS 174.120, including the counting of time for the filing of a notice of appeal."

219 Or at 445-46 (emphasis added). The court in *Beardsley* expressly rejected various interpretations, similar to Plaintiffs' interpretation in this case, that would have transformed a period of, for example, 30 days after the event into a period of 31 days. *Id.* at 443-44.

Because Plaintiffs' desired reading of subsection (2) would create an exception to, or conflict with, the exhaustive and longstanding interpretation of subsection (1) in *Beardsley*, the final step is to examine the legislative history of ORS 174.120(2) to determine whether the legislature actually intended to do so. The court concludes that the legislature had no such intention. The legislature adopted subsection (2) as part of Senate Bill 1006 (2002) during the first of five special sessions convened to address a substantial budget shortfall in the wake of a widespread economic recession.[2] The audio recording of the principal hearing, before the House Special Session Committee on Budget Reconciliation on February 8, 2002, shows that the discussion about subsection (2) was entirely focused on paragraphs (b), (c), and (d). Those paragraphs generally extend the *last* day of a stated deadline in the event of a court closure—including for budget reasons—if the closure would prevent a litigant from making a filing or doing another act on that last day. Several comments of legislators and of the witness testifying on behalf of the Oregon Judicial Department declare a general intention to make no other substantive change. *E.g.,* statement of Representative Lane Shetterly (provision clarifies that persons arriving at a courthouse, only to find

---

[2] *See generally Harvey v. Christie*, 237 Or App 237, 243-44, 239 P3d 279 (2010) (explaining origin of subsection (2) in House Bill 4016 (2002)).

it closed for whatever reason, "have not lost whatever legal rights they may have had"); statement of witness Bradd Swank, Special Counsel for Government Relations, State Court Administrator's Office ("We weren't trying to change what lawyers do now. That was not our intent. * * * We were just trying to protect the public—to make sure the public is protected in these other situations.") Tape Recording, House Special Session Committee on Budget Reconciliation, Feb 8, 2002, Tape 2, Side A.

In summary, Plaintiffs' reading of ORS 174.170(2), despite any superficial appeal, would create an illogical result at odds with subsection (1) of the same statute. There is no evidence in the legislative history that the legislature intended Plaintiffs' reading. For these reasons, the court rejects it.

Plaintiffs' final argument urges the court to exercise discretion to hear the appeal, noting that ORS 305.425(2) provides that the deadline to bring a proceeding is "a period of limitations and is not jurisdictional." In support of this request, Plaintiffs state that "Plaintiffs' out-of-state counsel did not actually receive the [Decision] from the Tax Court – Magistrate Division until December 4, 2017." Plaintiffs' local counsel also asserts that she never received a copy of the Decision from the court, but only from out-of-state counsel. Without deciding what discretion, if any, the court has in this circumstance, the court rejects Plaintiffs' argument, noting that in the Magistrate Division case, an August 30, 2016, letter from Plaintiffs' representatives to the Magistrate Division designated Justin Heideman, a Utah attorney admitted in Oregon *pro hac vice*, as "Plaintiffs' primary representative," and noting further that actual receipt of the Decision on December 4, 2017, left the better part of two months in which to file a timely complaint in the Regular Division.

After reviewing the motion and response and being fully advised of the premises, the court finds that such request should be granted. Counsel for Defendant is directed to submit an appropriate form of judgment. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted.