Submitted on motion to dismiss appeal August 30, appeal dismissed September 6, rehearing denied, October 15, 1927.

# CARL MEYERS v. PACIFIC STATES LUMBER COMPANY.

(259 Pac. 203.)

**Appeal and Error—Ex Parte Order Extending Time for Filing Transcript on Appeal was Void (Or. L., § 554, as Amended by Laws 1927, p. 404).**

1. Where the order of the trial court extending the time for filing transcript on appeal was made without giving three days' notice to the opposing party, the order was void under Section 554, Or. L., as amended by Laws of 1927, page 404, providing that the trial court may, upon such terms as may be just, by order

enlarge the time for filing the transcript on appeal, but only after three days' notice has been given to the opposing party.

Appeal and Error—Order Extending Time for Filing Transcript on Appeal Pursuant to Stipulation Held Void Where Made After Expiration of Time for Filing Transcript (Or. L., § 554, as Amended by Laws 1927, p. 404).

2. Where time allowed for filing transcript on appeal had expired, a subsequent order of the trial court extending the time for filing the transcript pursuant to stipulation *held* void, under Section 554, Or. L., as amended by Laws of 1927, page 404, requiring transcript to be filed within thirty days after appeal is perfected, and providing that trial court may extend time after three days' notice, provided that nothing shall prevent trial court from permitting extension of time for filing transcript at any time in accordance with stipulation of attorneys, proviso qualifying only provision requiring three days' notice.

Statutes—Where Enacting Clause is General, Subsequent Proviso Exempts No Case not Fairly Within Terms, Office of Proviso Being to Except Something from Enacting Clause, to Restrain Generality, or to Prevent Extension to Cases not Intended.

3. Where an enacting clause is general in its language and objects, a subsequent proviso is to be strictly construed and takes no case out of the enacting clause which does not fall fairly within its terms; the office of a proviso being generally either to except something from the enacting clause, to restrain its generality, or to exclude a possible misinterpretation extending it to cases not intended by the legislature.

Appeal and Error—Extension of Time for Filing Transcript on Appeal can be Granted Only After Notice Unless Parties Stipulate for Extension (Or. L., § 554, as Amended by Laws 1927, p. 404).

4. Section 554, Or. L., as amended by Laws of 1927, page 404, relating to extension of time for filing transcript, *held* to mean that transcript must be filed within thirty days unless time is extended before default, and that extension can be granted only on three days' notice unless parties stipulate for making of order, in which case no notice is required.

Statutes—In Construing Statute Containing Proviso, Whole Statute must be Considered as Well as Objects.

5. In interpreting a statute containing a proviso, the court must consider the whole statute, including the proviso, as well as the objects and purposes of the statute, for the purpose of determining the legislative intention.

---

3.  See 25 R. C. L. 985.
4.  Construction of provisos, see note in **Ann. Cas.** 1913E, 658. See, also, 25 R. C. L. 986.

Appeal and Error—Statute Permitting Extension of Time for Filing Transcript on Appeal on Agreement Should not be Construed to Permit Extension After Default, in Absence of Clear, Positive Language (Or. L., § 554, as Amended by Laws 1927, p. 404).

6. Section 554, Or. L., as amended by Laws of 1927, page 404, providing that appellant must file transcript or abstract within thirty days after appeal is perfected, and that if not filed appeal shall be deemed abandoned, but court may enlarge time but only within time allowed for filing and only after notice to opposing party, providing that extension may be granted at any time on agreement of parties, should not be construed to permit order extending time for filing transcript pursuant to stipulation to be made after time for filing has expired.

Appeal and Error, 4 C. J., p. 463, n. 33, p. 464, n. 40, p. 465, n. 45, p. 466, n. 55, p. 467, n. 67, 68, p. 468, n. 95.
Statutes, 36 Cyc., p. 1128, n. 54, p. 1162, n. 49, 50, 55, 56.

From Multnomah: ROBERT TUCKER, Judge.

In Banc.

MOTION TO DISMISS APPEAL ALLOWED.

For the motion, *Messrs. Lord & Moulton.*

*Contra, Messrs. Goss & Murphy.*

RAND, J.—1. Respondent moves to dismiss the appeal in this cause upon the ground that the transcript was not filed within the time limited by Section 554, Or. L., as amended by Chapter 316, Laws of 1927. That section as amended among other things requires the appellant within thirty days after the appeal has become perfected, to "file with the clerk of the appellate court a transcript or such an abstract as the law or the rules of the appellate court may require of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal, together with a copy of the judgment or decree appealed from, the notice of appeal, and proof of service thereof, and of the

undertaking on appeal"; and by subdivision 2 thereof provides: "If the transcript or abstract is not filed with the clerk of the appellate court within the time provided, the .appeal shall be deemed abandoned, and the effect thereof terminated, but the trial court or the judge thereof, or the supreme court or a justice thereof, may, upon such terms as may be just, by order enlarge the time for filing the same, but such order shall be made within the time allowed to file transcripts, and only after three days' notice has been given to the opposing party; provided, that nothing contained in this act shall prevent the trial court or a justice of the supreme court from permitting an extension of time for the filing of a transcript in any appeal, at any time in accordance with and upon written stipulation and agreement of the attorneys for all of the parties in interest."

The act amending Section 554 contained an emergency clause causing it to go into effect upon its passage on March 3, 1927. The judgment appealed from was rendered on February 11, 1927, and after the service and filing of a notice of appeal in this cause, the undertaking on appeal was served and filed on April 12, 1927, and no exceptions were taken thereto. The appeal therefore became perfected at the expiration of five days from the date of the service of the undertaking, or at the end of April 17, 1927, and unless the time was extended for the filing of a transcript appellant had only thirty days thereafter in which to file in this court a transcript on appeal, or his right to an appeal would be lost. Following the computation required by the statute and excluding April 18th therefrom the thirty days for the filing of the transcript would expire at the end

of May 18, 1927.   On May 6, 1927, without any notice having been given to respondent, the trial court made an order extending the time for filing the transcript up to and including June 1, 1927, and subsequently on May 23, 1927, pursuant to the stipulation and agreement of respondent, the trial court made a further order extending the time up to and including June 6, 1927.   Pursuant thereto the transcript was filed in this court on June 4, 1927; this was within the time provided for in the last-mentioned order.

As amended the statute requires that before an order extending the time for the filing of the transcript can be made, three days' notice must be given to the opposing party.   The order of May 6th was made without notice and for that reason was void: *Simpson, Admr.,* v. *Winegar, ante,* p. 297 (258 Pac. 562), decided June 21, 1927.

2. The order of May 23, 1927, was made after the expiration of the thirty-day period provided for in the statute and at that time no transcript or abstract had been filed with the clerk of this court, and no valid order extending the time for the filing of the same had been made.   In such case the statute provides that ''if the transcript or abstract is not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned and the effect thereof terminated,'' and also by subdivision 3 thereof, ''if the appeal be abandoned as provided by subdivision 2 of this section, thereupon the judgment or decree so far as it is for the recovery of money, may by the appellate court be enforced against the sureties in the undertaking for a stay of proceedings as if they were parties to such judgment or decree.''

3. Hence at the time the last-mentioned order was made, under the express terms of the statute, the appeal had been abandoned, the effect thereof terminated and the judgment appealed from could have been enforced against the sureties in the undertaking for a stay of proceedings, if such an undertaking had been given. But appellant contends that since the order of May 23, 1927, was made pursuant to the stipulation and agreement of the attorneys for the respondent, by virtue of the proviso contained in subdivision two of the amended act, the trial court was authorized to make the order at any time after the expiration of the time limited by the other provisions of the statute. This contention we think is wholly untenable. The rules applicable to the interpretation of statutes containing provisos are well settled.

The general rule applicable to such construction is that when the enacting clause is general in its language and objects and a proviso is afterwards introduced, that proviso is to be strictly construed and takes no case out of the enacting clause which does not fall fairly within its terms: 2 Lewis' Sutherland on Statutory Const. (2 ed.), § 352; Potter's Dwarris on Statutes, 1878 ed., p. 118; *United States* v. *Dickson,* 15 Pet. (U. S.) 141 (10 L. Ed. 391). In the case last cited, Mr. Justice Story said:

" * * where the enacting clause is general in its language and objects, and a proviso is afterwards introduced, that proviso is construed strictly, and takes no case out of the enacting clause which does not fall fairly within its terms. In short, a proviso carves special exceptions only out of the enacting clause; and those who set up any such exception, must establish it as being within the words as well

as within the reason thereof." See, also, *Minis* v. *United States,* 15 Pet. (U. S.) 423 (10 L. Ed. 791).

"The office of a proviso, generally, is either to except something from the enacting clause, to restrain its generality, or to exclude some possible ground of misinterpretation of it, as extending to cases not intended by the legislature to be brought within its purview." Potter's Dwarris on Statutes, 1878 ed., p. 118, note 11; *United States* v. *Dickson, supra; Minis* v. *United States, supra.* See, also, 2 Lewis' Sutherland on Statutory Const. (2 ed.), § 352.

4. Applying these rules to the statute under construction, we think that the proviso was intended to qualify and restrict the provision in the enacting clause requiring that three days' notice should be given to the opposing party before the order could be made and to dispense with that requirement where the parties themselves stipulated for the making of the order, and that it was not intended as a qualification of the requirement that "such order shall be made within the time allowed to file transcripts," for where the parties stipulate for the making of an order there can be no necessity for notice, but in the absence of a stipulation the necessity for such notice exists. Hence we hold that the true meaning of the statute is that the transcript must be filed within thirty days, unless the time be extended, and that any extension, if made, must be made within the time in which transcripts may be filed and before the appellant is in default, and that no extension of time can be granted except after three days' notice, unless the parties have stipulated for the making of the order, in which case no notice is required.

5, 6. In reaching this conclusion we have given effect to another rule equally well established and

settled; namely, that in the interpretation of a statute containing a proviso, the whole statute, including the proviso as well as the objects and purposes of the statute, must be looked to and considered for the purpose of determining the intention of the statute. When this statute is so considered it must be obvious that the legislature did not intend that after an appeal had been abandoned and the effect thereof terminated and the right to enforce the judgment or decree appealed from had accrued to the respondent, the appeal could be reinstated by the mere stipulation or agreement of counsel, or that the power of this court to decide the question involved upon an appeal could be made to depend, not upon the statute or the organic law of this state, but upon the consent or agreement of the parties to the litigation. If appellant's contention could be sustained and the effect contended for could be given to the statute, the parties to an appeal which had been perfected and afterwards abandoned could at any time thereafter, no matter how long, reinstate the appeal by consent of the parties alone. It is not reasonable to suppose that the legislature intended that any such result should follow from this amendment, and in the absence of clear and positive language indicating such an intention, such a meaning should not be given to the statute.

For the reasons stated the appeal must be dismissed.    APPEAL DISMISSED.