Submitted on motion to dismiss second appeal September 25, appeal dismissed and rehearing denied November 20, 1928.

EMIL JOHNSON ET AL. *v.* W. M. JACKSON.

(272 Pac. 258.)

For the motion, *Mr. L. E. Schmitt* and *Mr. Bradley A. Ewers.*

*Contra, Mr. Milton W. Smith.*

RAND, C. J.—On motion of respondents, defendant's first appeal was dismissed for the reason that the transcript had not been filed in this court within

the time limited by the Code. Thereafter defendant again appealed and respondents now move to dismiss the same.

The judgment first appealed from was entered in the Circuit Court for Multnomah County on February 21, 1928, and notice of appeal from said judgment was served and filed on February 24, 1928, and the undertaking on appeal was served and filed on February 25, 1928. No exceptions to the sufficiency of the surety were filed and the appeal became perfected at the end of March 6, 1928. Unless the time was lawfully extended, appellant was required to file his transcript on appeal in this court within thirty days thereafter. The transcript was not filed until June 18, 1928, which was too late unless the time for filing the same had been enlarged by some lawful order of the trial court or by one of the justices of this court.

Section 554, Or. L., as amended by Chapter 316, Laws of 1927, provides that an order enlarging the time for filing the transcript "shall be made within the time allowed to file transcripts, and only after three days' notice has been given to the opposing party." This provision which was contained in the 1927 amendment was considered in *Meyers* v. *Pacific States Lumber Co.*, 122 Or. 315 (259 Pac. 203), and it was in effect held that, in the absence of a stipulation, an order extending the time for the filing of the transcript without the requisite statutory notice having been given was invalid and of no effect. Evidently, through inadvertence, the trial court, without notice to the opposing party, made various orders extending the time for filing the transcript, all of which orders were, on June 1,

1928, set aside and vacated by the trial court because of the want of such notice. When that matter was called to the attention of this court, the first appeal was dismissed for the reason that the transcript had not been filed within the time limited by the Code, or within any time lawfully extended. Subsequent to such dismissal, appellant appealed from the order setting aside and vacating the former void orders of the trial court. The order vacating said orders is not an appealable order and the time for appealing from the original judgment had long since expired before the second appeal was attempted to be taken. For these reasons, this court is wholly without jurisdiction to entertain this latter appeal and the same must be dismissed. It is so ordered.

APPEAL DISMISSED.