Argued at Pendleton on motion to dismiss appeal October 29;
appeal dismissed November 13, 1934

# VAUGHAN v. KOLB et al.
## (City of Baker Intervener)
### (37 P. (2d) 435)

*Blaine Hallock* and *Frank C. McColloch,* both of
Baker (McCollock & Brown, of Baker, on the brief),
for appellants.

*A. A. Smith,* of Baker (Heilner, Smith, Grant & Fuchs, of Baker, on the brief), for respondent.

KELLY, J. Plaintiff Vaughan and intervener, City of Baker, move to dismiss defendants' appeal because no notice was served upon plaintiff of defendants' application for a second extension of time within which to file a transcript on appeal, and no stipulation was signed by plaintiff providing for such an extension.

Pursuant to a stipulation signed by all the parties hereto, an order granting an extension to December 10, 1933, was made. Defendants desired a further extension. Plaintiff refused to sign a stipulation therefor. No notice of defendants' application to the court for a second extension was served upon plaintiff, although, based upon a stipulation, signed by defendants and intervener, defendants procured a second order of extension of time to February 15, 1934, within which time defendants filed said transcript.

■ The statute requires the giving to the opposing party of three days notice of the application for such extension: Section 7-507, Oregon Code 1930. The giving of this notice is a jurisdictional prerequisite: *Simpson v. Winegar,* 122 Or. 297 (258 P. 562) ; *Meyers v. Pacific States Lumber Co.,* 122 Or. 315 (259 P. 203).

The question is thus presented whether plaintiff is an opposing or adverse party. Plaintiff and intervener assert that he is. Defendants argue that he is not. Defendants insist that any order which may be made upon this appeal either will not affect plaintiff's rights at all or will be of benefit to plaintiff.

Originally, this suit was instituted by plaintiff Vaughan against defendants Adam and Amanda Kolb, the City of Baker and Bent Landreth. The trial court

sustained a demurrer to plaintiff's complaint and dismissed the suit. Plaintiff appealed. Upon appeal the suit was dismissed as to the City of Baker and Bent Landreth, but remanded for the purpose of permitting an application to be made for leave to frame issues between plaintiff Vaughan and defendants Adam and Amanda Kolb: *Vaughan v. Kolb et al.* 130 Or. 506 (280 P. 518).

After the receipt by the circuit court of the mandate from this court, an amended and supplemental complaint was filed by plaintiff. In this complaint, plaintiff asserted a right by prescription and adverse user to the use of not less than one second-foot or 40 inches miner's measurement under six-inch pressure, of the waters overflowing from the reservoir of the City of Baker after said city had used from its water system all of the waters required for its municipal purposes.

Plaintiff alleged that the flow of this surplus or waste water from said city's reservoir was more or less continuous, though to some extent interrupted, and consisted of a flow of two second-feet or 80 inches, miner's measurement under six-inch pressure.

Plaintiff also alleged in paragraph IX of said amended and supplemental complaint that—

On December 29, 1919, F. X. Kolb filed with the state engineer application for water permit No. 6964 under which he did appropriate .5 cubic feet per second of said waste waters for the irrigation of 40 acres of land then owned by said F. X. Kolb and situate in the southeast quarter of section 19, township 9 south, range 40 east, Willamette Meridian, in Baker county, Oregon, upon which application said state engineer did thereafter cause to be issued water certificate No. 4378. That on said December 29, 1919, defendant Amanda Kolb filed

an application for water permit No. 6962 for the use of 1.5 cubic feet per second of the said waste waters for the irrigation of 120 acres of land then owned by the said Amanda Kolb in the southwest quarter of section 20, township 9 south, range 40 east, Willamette Meridian, in Baker county, Oregon, upon which application said state engineer caused to be issued water certificate No. 4377, and that defendant Adam Kolb is the successor in interest of the said F. X. Kolb in and to the appropriation and water right first in this paragraph mentioned.

Plaintiff also alleged that defendants Kolb had trespassed upon certain of plaintiff's real property to plaintiff's damage.

In their answer to plaintiff's amended and supplemental complaint, defendants Kolb narrate a course of negotiation and dealing between F. X. Kolb and the City of Baker from the year 1902, concerning the construction of a reservoir and electric power plant and a pipe line. It is also alleged that on or about the year 1902, and as a part of the scheme or plan of the said City of Baker for constructing said reservoir and pipe line, said City of Baker acquired from said F. X. Kolb a valuable necessary perpetual right of way on, along and across a certain portion of said F. X. Kolb's lands for a roadway for the purpose of hauling supplies and materials to the proposed site of said reservoir and said electric power plant and said pipe line; and that about the year 1911, the City of Baker constructed an additional reservoir known as reservoir No. 4 and secured at said time certain additional rights, privileges and easements from said F. X. Kolb and said defendants; and that about 1913, the said city installed a water wheel and a municipal power plant.

It is also alleged by defendants in their said answer to plaintiff's amended and supplemental complaint that for the purpose of being relieved of the duty, expense and responsibility of caring for and handling said overflow waters, and in consideration of the granting of said rights of way for said road and other valuable easements and privileges, the City of Baker agreed with said F. X. Kolb, who was a resident and inhabitant of said City of Baker and whose tillable lands lay entirely within the city limits of said city, that if the said F. X. Kolb would care for the overflow or excess supply of waters, which would accumulate from time to time in the reservoirs and unless diverted and used or otherwise disposed of would flow down the hillside below the city's reservoir to the damage of property, the said F. X. Kolb might have the free use of said waters for irrigation, stock and domestic purposes so long as said overflow waters might be from time to time available.

It is also alleged in said answer that the said City of Baker at no time released its claim or ownership to said waters thus diverted from said stream and carried through its said pipe line to its municipal plant and reservoirs aforesaid, except such rights as were given to F. X. Kolb and these defendants.

It is also alleged that said F. X. Kolb and defendants, as his successors in interest, have faithfully cared for the said overflow or excess supply of water from said city's plant and reservoirs. With commendable clarity and particularity this faithful compliance by said Kolbs with said agreement is alleged in said answer. A detailed statement thereof would avail us nothing here.

It is also alleged that ever since said reservoirs were constructed in 1902, it has been necessary at least once and sometimes oftener each year, in order to keep the water therein free from impurities, to drain all of the water from two of the reservoirs and clean the slime and other impurities from the concrete bottoms and sides thereof, and also to inspect same for breaks, defects and leakages.

It is further alleged that on the 24th day of May, 1911, the City of Baker made and entered into an agreement in writing with one F. D. Stanley, predecessor in interest of the plaintiff, with respect to the handling and disposition of said "clean-out" water.

It is alleged that said Stanley agreement expired by its terms on the 24th day of May, 1921, and has never been renewed.

It is further alleged:

"That on and after the said 24th day of May, 1921, and up to and including the 10th day of April, 1926, said city of Baker continued to exercise full and complete control over said surplus waters and that during all of said time said defendants used said surplus waters and applied the same to a beneficial purpose under and by virtue of authority and direction conferred upon them by said city of Baker, and prevented the same from doing damage to lower property holders. That in the year 1926 said oral agreement was reduced to writing, supplementing said oral agreement and also said previous agreement with F. X. Kolb; that under the terms and provisions of said agreement, these defendants undertook the burden of caring for said overflow waters as hereinbefore described and also said 'clean-out waters', which agreement was in writing and was dated the 10th day of April, 1926, and provided that these defendants in consideration of certain valuable and necessary perpetual rights of easements therein and theretofore granted by these defendants

and said F. X. Kolb to the said city, should take care of said overflow waters at all times so that the same would do no injury or damage to any person or property and would confine the same in pipe lines or ditches and keep the same after leaving said reservoir along streets necessary to convey said water to Old Settler's Slough without damage to any street of the city of Baker; and it was agreed that in consideration of the faithful performance of the things to be done and performed by said defendants that the city would not change the place of said overflow and that any additional appliances or construction thereafter made in said reservoirs for overflow purposes should be constructed at or near the identical place where the same, was then constructed, and said city would permit the said waters to go to and flow down to the defendants for such lawful use as they might care to make of the same, wither (whether) for irrigation, stock or domestic purposes as the case might be; it was further agreed that the defendants at any time in the future that the city of Baker might need a site for an additional reservoir or power plant would deed and convey to the said city not to exceed one acre of land therefor, free and clear of liens and encumbrances, said land to be due west of and adjoining the present power plant of the city of Baker, all without charge or cost to said city, and furthermore if at any time thereafter the said city should need or require additional rights of way for pipe lines or roadways across the premises known as the 'Hill Pasture' of the defendants that the defendants would give such rights-of-way free and clear of any charge or costs to the said city; said city further agreed that it would at all times care and manage said overflow so that the same would not be excessive and above the normal use of city water by the users thereof in the city of Baker except at times of cleaning out said reservoir; it was further agreed in said agreement with reference to said 'clean-out waters' that if in the future it should be necessary for said city, in order to prevent damage to third persons, to abandon the facilities theretofore constructed by said Stanley and that if in the future it should be necessary to change

the method of disposal of said waters so flowing into said Stanley ditch and other Stanley facilities that they (these defendants) would at their own and sole expense, after thirty days notice in writing from said city, proceed to do such tunneling, excavating, ditching and other work as might be necessary for the purpose of preparing a suitable pipe line to convey said waters from the present drain pipe on the city premises to the lands of the defendants where the same should be cared for by the defendants thereafter without injury to the property of private individuals or the city streets of the city of Baker in the same manner as was provided with reference to the overflow waters mentioned in said agreement, and that they would proceed to do such work and prosecute the same with diligence until completed without stop (weather conditions permitting); it being agreed, however, that the city should furnish without cost to the defendants the engineering expenses incident to such construction."

It is also alleged in said answer that,—

"Between the year 1921 when the said agreement with the said Stanley had expired and the said 10th day of April, 1926, and up to and including the year 1928, the clean-out waters had been permitted to flow in the same clean-out pipe which the said city had constructed into the said Stanley ditch mentioned above; but the plaintiff continuously demanded as a consideration for the emptying of said clean-out waters into his said ditch after May 24th, 1921, a right to the overflow waters and insisted that the said city of Baker should make a conveyance or assignment of a portion of said overflow waters and that these defendants should make a conveyance or assignment of a portion of said overflow waters so granted to them in the year 1902, as hereinbefore alleged. That the said city and these defendants refused to grant to this plaintiff any rights to said overflow waters (other than clean-out waters) and in the year 1928 this plaintiff served notice upon the city of Baker (after said agreement of April 10, 1926, has been entered into) that he would no

longer care for the said clean-out waters and that the defendants should and must construct a ditch for the caring for said clean-out waters as mentioned in said agreement of April 10, 1926. That thereafter these defendants, after having been notified by the city of Baker to proceed with said excavation proceeded to dig an excavation and lay a pipe line all for the disposing of said 'clean-out waters', at a great expense in labor and money amounting to the sum of One Thousand Dollars ($1,000.00) and ever since said date have been and are now caring for said clean-out waters and saving the said city of Baker harmless from claim or demand of any kind or nature by reason of said clean-out waters as well as said overflow as herein described; and said defendants have performed all the covenants undertaken by them in said agreement with said city, dated April 10, 1926, to the satisfaction of said city."

It is also alleged in said answer:

"That these defendants have put the waters, both overflow and clean-out waters, to a beneficial use in the irrigation of one hundred sixty (160) acres of land situate within the city limits of the city of Baker and during the winter time have cared for and disposed of said overflow and clean-out waters as hereinbefore particularly alleged, all at great expense, damage, trouble and annoyance to these defendants."

In their second further and separate answer to plaintiff's amended and supplemental complaint defendants allege, among other things, that,—

"* * * these defendants being in doubt as to the exact legal status of said overflow waters and fearing that plaintiff might file an application to appropriate the same in the office of the State Engineer and that the other persons and individuals might file said application as they were then threatening to do and thus complicate the title to said waters and the right of these defendants to use the same, did by and with the consent of the said city of Baker file with the said State Engineer of Oregon on the 29th day of December, 1919,"

the application mentioned in plaintiffs amended and supplemental complaint.

It will be seen from the foregoing that in their answer to the amended and supplemental complaint of plaintiff defendants were claiming defensively under the written contract of April 10, 1926, executed by said defendants and the City of Baker.

By the decree of the circuit court that contract was declared to be null and void. The decree of the circuit court declared plaintiff to be the owner of a right to the use of one-eighth of a second-foot of such waters only as may be wasted or permitted to overflow the reservoirs owned by the intervener and located upon the SW½ of the NE½ of section 19, township 9 south, range 40 east, Willamette Meridian, with a priority of December 29, 1919, under water certificate No. 4378, for the irrigation of the NE½ of the SW½ of section 18, township 9 south, range 40 east, Willamette Meridian, and one second-foot with a priority of April 19, 1926, under water certificate No. —— for the irrigation of the E½ of the SW¼ of section 18, the NE¼ of the NW¼ of the NE¼ of section 19, all in township 9, south, range 40 east, Willamette Meridian.

■■ By the terms of defendants' notice of appeal, said defendants are attempting to appeal from that portion of the judgment, order and decree of the circuit court wherein it is considered, ordered and adjudged that said contract of April 10, 1926, entered into between the defendants and the City of Baker is null, void, and of no force or effect. Defendants also seek to appeal from other portions of said decree not necessary to mention here.

To give full effect to said contract would be to abrogate plaintiff's rights to the use of said waste or over-

flow waters as given to him by the decree of the trial court. No benefit would or could accrue to plaintiff by virtue of a decree declaring said contract to be in full force and effect.

"The canon established by all our precedents and by which it is determined whether a party is adverse to the appellant is in substance this: that if on the appeal, the interests of a party could be adversely affected, he is entitled to notice of the appeal of another party, in default of which this court will not acquire jurisdiction. On the other hand, if the only possible modification of the decree would better his condition, he is not an adverse party and it is not necessary to notify him." *Adams v. Kennard,* 122 Or. 84, 97 (227 P. 738), quoted by Mr. Chief Justice Bean in Oliver v. *Jordan Valley L. & C. Co.,* 143 Or. 249, 254 (16 P. (2d) 17, 22 P. (2d) 206).

The filing herein by the City of Baker of its complaint in intervention wherein, among other things, said city asked a declaratory judgment determining whether or not said contract of April 10, 1926, is a valid effective and enforcible contract, only served to enable the court finally to settle that question for said city without the necessity of other litigation on its part with the plaintiff or defendants herein. It did not deprive plaintiff of any right granted by the decree of the trial court.

For the reasons stated, we hold that plaintiff is an opposing or adverse party to defendants herein; and that the appeal should be and it is hereby dismissed.

BELT, Presiding Justice, and BEAN and CAMPBELL, JJ., concur.