Appeal dismissed June 22, 1937

# EWEN *v.* SMITH

(69 P. (2d) 523)

*O. W. Eastham, A. H. Burton, Phelps & Burdick* and *John F. Conway*, all of Portland, for the motion. *John D. Williams*, of Portland, opposed.

BEAN, C. J.  This is a motion to dismiss the appeal for the reason that the transcript of record was not filed within the time provided by law, and for a judgment affirming the judgment of the circuit court, together with a judgment in favor of the respondent and against appellant and her surety on the appeal for costs and disbursements.

■ A judgment was rendered in the above entitled case in favor of the plaintiff and against the defendant for the sum of $3,000 on January 27, 1937.  By order of the circuit court on March 26, 1937, the time for settling of the bill of exceptions was extended to May 1, 1937. Notice of appeal to the supreme court was served March 26, 1937, and filed in the circuit court on March 27, 1937.  On April 9, 1937, the trial court entered an order that defendant have to and including April 10, 1937, in which to serve and file an undertaking on appeal.  On the latter date the undertaking on appeal was served and filed.  By virtue of subdivision 2, section 7-503, the respondent was entitled to five days after filing the undertaking to except to the sufficiency of the sureties in the undertaking.  No exceptions were filed.  Subdivision 4 of that section provides that on the expiration of the time allowed to except to the sureties in the undertaking, or from the justification thereof if excepted to, the appeal should be deemed perfected.  The appeal was therefore perfected April 16, 1937.

■ Section 7-507, Oregon Code 1930, directs that upon the appeal being perfected the appellant shall,

within 30 days thereafter, file with the clerk of the appellate court a transcript or such an abstract as the law or rules of the appellate court may require of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal together with a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof and of the undertaking on appeal. Thirty days from April 16 would be May 16, 1937, which was Sunday; therefore the transcript on appeal could have been filed on May 17, 1937. But subdivision 2 of that section provides that if the transcript or abstract is not filed with the clerk of the appellate court within the time provided the appeal shall be deemed abandoned and the effect thereof terminated, but the trial court or the judge thereof, or the supreme court or a justice thereof, may, upon such terms as may be just, by order enlarge the time for filing the same, but only after three days notice has been given to the opposing party. It further provides that the trial court or a justice of the supreme court may extend the time for filing the transcript on appeal at any time in accordance with and upon written stipulation and agreement of the attorneys for all of the parties interested.

■ On April 24, based upon the stipulation of the parties, the circuit court ordered that the time for defendant to serve and file the transcript and settle the bill of exceptions be extended until May 20, 1937. By further order of the circuit court, dated May 17, 1937, which was within the time allowed for filing the transcript, the time to file the transcript and have settled and filed the bill of exceptions was extended to and including May 24, 1937. No other order extending the time for filing the transcript was made or entered either

by the trial court or the judge thereof, or the supreme court or a justice thereof. Therefore the time for filing the transcript under the statute expired on May 24, 1937. No notice of application was given by appellant and no application was made for the further extension of time for filing the transcript on appeal. The transcript of record in this cause was filed in this court on May 26, 1937, which was not within the time provided by law.

■■ It is well settled that the right of appeal in an action or suit is purely statutory and that in order to give this court jurisdiction the appellant must follow the procedure laid down in the statute governing appeals: *Simpson v. Winegar*, 122 Or. 297 (258 P. 562). This court has no jurisdiction to vary or change the requirements of the statute in regard to taking an appeal from the circuit court to this court. In the absence of filing a transcript of record within the time prescribed by the statute, this court is entirely without jurisdiction of the cause: *Meyers v. Pacific States Lbr. Co.*, 122 Or. 315 (259 P. 203); *Hay v. Yokell*, 147 Or. 148 (32 P. (2d) 578); *Vaughan v. Kolb*, 148 Or. 491 (37 P. (2d) 435).

An affidavit was filed in the case showing, in effect, that counsel for appellant was relying upon counsel for respondent to stipulate that the time would be extended for filing the transcript of record. We find nothing in the showing made by counsel for appellant to change the provisions or effect of the statute.

The appeal, therefore, must be dismissed and the judgment of the circuit court will be affirmed, together with judgment in favor of the respondent against appellant and her surety on appeal for the costs and disbursements involved herein. It is so ordered.