Appeal dismissed November 28, 1944

IN RE MAYS' ESTATE
DODD *v.* DODD ET AL.
(153 P. (2d) 530)

Before BAILEY, Chief Justice, and BELT, ROSSMAN, KELLY, LUSK, BRAND and HAY, Associate Justices.

*Alfred Keller,* of Portland, for petitioner and appellant.

*Huntington, Wilson & Davis* and *Clark & Clark,* all of Portland, for defendants and respondents.

KELLY, J.

This proceeding has been submitted upon appellant's motion for leave to justify sureties on her undertaking on appeal, defendants' objections thereto, and defendants' motion for an order dismissing the appeal as having been abandoned and affirming the decree of the circuit court.

The decree was entered on June 29, 1944. Notice of appeal was served upon defendants on August 25, 1944. The undertaking on appeal was served on September 6, 1944, and filed with the county clerk of Wasco County on September 7, 1944.

On September 9, 1944, service of defendants' notice of exceptions to sureties on said undertaking was made upon appellant personally and upon one of the attorneys who had appeared as attorney for appellant upon the trial of the case in the circuit court, and in and by defendants' said notice appellant was further notified that said undertaking had not been filed within the time prescribed by law and that defendants did not waive, but expressly reserved, the objection that the undertaking was not filed in time.

The effective statute provides:

"Within 10 days from the giving of notice or service of notice of appeal, the appellant shall cause to be served on the adverse party or his attorney an undertaking as hereinafter provided, and within said 10 days shall file the original of said undertaking, with proof of service endorsed thereon with said clerk." Subdiv. 2 of Section 10-803, O. C. L. A., as amended by Section 1, Chap. 119, Oregon Laws, 1943.

From August 25, 1944, the date of the service of the notice of appeal, to September 7, 1944, more than

ten days elapsed. Of this failure to file said undertaking within ten days from the service of notice of appeal appellant was notified on September 9, 1944.

The statute further provides:

"Upon notice of appeal being given, as herein provided, and entered in the journal of the court or filed with the clerk of the court, as the case may be, the appellate court shall have jurisdiction of the cause and not otherwise. After the appellate court has acquired jurisdiction of the appeal in the manner hereinabove provided, the omission of a party to perform any of the acts herein required or within the time required shall be a cause for dismissal of the appeal, and the appellate court may, on motion of the respondent, dismiss the appeal; provided, however, the appellate court shall, upon good cause shown, relieve a party from his failure to comply with any of such provisions and may permit an amendment or performance of such act on such terms as may be just; provided further, however, that failure of appellant to perform any of the acts herein required within the time required shall constitute an abandonment of the appeal, unless the appellant shall with the consent of the appellate court or a judge thereof for good cause shown, within 30 days after service of notice of such failure, perform such act or acts." Subdiv. 1, Ibid.

It is also provided by statute that within five days after the service of said undertaking the adverse party or his attorney shall except to the sufficiency of the sureties in the undertaking, or he shall be deemed to have waived his right thereto. Subdiv. 2, Ibid.

As stated, within three days after the service of said undertaking respondents excepted to the sufficiency of the sureties thereon.

The statute also provides that—

When excepted to, the sureties shall justify in the same manner as in bail on arrest. Subdiv. 3, Ibid.

Section 26-1606, O. C. L. A., provides that—

"A magistrate authorized to issue a warrant of arrest, * * * is a magistrate authorized within his jurisdiction * * * to take bail, * * *"

■ Reference is made to these statutory provisions to preclude the impression that justification of sureties upon an undertaking on appeal must be made in the appellate court. The time when justification of sureties should be made is as above prescribed by the amendment of 1943, but the provisions of the earlier statute, above quoted, as to the magistrate before whom justification may be made has not been changed by the 1943 amendment.

It is evident, however, that in two particulars appellant has failed to perform specific acts within the time required by statute, that is, appellant failed to file her undertaking on appeal within ten days from the service of notice of appeal and appellant has also failed to cause her sureties to justify as in bail on arrest; and that within thirty days after service of notice of such failure appellant has not, with the consent of the appellate court or a judge thereof, performed such acts.

■ Appellant seeks to secure an order from this court relieving her from her default because she was without an attorney and unfamiliar with the statutory requirements. The insuperable barrier to affording appellant this relief is that this court is bound by the provisions of the statute and these statutory mandates will not allow the court to grant appellant's request.

■ The statutory designation of what shall constitute an abandonment of the appeal is definite, unambiguous and within the title of the original act. We have no recourse other than to abide by it.

For these reasons, the appeal is dismissed and the decree of the circuit court is affirmed.