Submitted on motion to dismiss appeal April 22; denied May 2, 1947

# POND *v.* JANTZEN KNITTING MILLS,
### A CORPORATION
### 180 P. (2d) 115

(Opinion on the Merits see 183 Or. 255, 190 P. (2d) 141)

*Platt & Platt* and *Black & Kendall,* of Portland, for motion.

*James Arthur Powers* and *Thomas H. Tongue, III,* of Portland, contra.

Before ROSSMAN, Chief Justice, and LUSK, BELT, BAILEY, HAY and WINSLOW, Justices.

ROSSMAN, C. J.

This matter is before us upon a motion made by the respondent for an order dismissing this appeal. The motion is based upon a contention that Oregon Laws 1943, chapter 119, requires a holding that the appellant abandoned this appeal.

November 26, 1946, the circuit court entered judgment in favor of the respondent and against the appellant in the sum of $18,500. January 20, 1947, the appellant served on counsel for the respondent a notice of appeal and filed it January 21, 1947. February 1, 1947, the appellant served and filed an undertaking on appeal.

The issue submitted to us is governed by Oregon Laws 1943, chapter 119, which amended §§ 10-803 and 10-807, O. C. L. A. Subdivision 2 of § 10-803 says:

"Within ten days from the giving of notice or service of notice of appeal, the appellant shall cause to be served on the adverse party or his attorney an undertaking as hereinafter provided, and within said 10 days shall file the original of said undertaking * * *."

It will be recalled that the notice of appeal was served January 20. It is apparent that the undertaking was neither served nor filed on time.

March 4, 1947, the appellant filed a motion for an extension of time for presenting and settling a bill of exceptions. At that time, according to respondent's counsel, they discovered that more than ten days had passed between the service of the motion of appeal and the service of the undertaking. March 5, 1947, they wrote a letter to the appellant's counsel stating:

"Your appeal bond in this case was not served or filed until twelve (12) days following service of notice of appeal and was, therefore, not in conformity with the statutory requirements applicable to appeal to the Supreme Court of Oregon in a case of this kind. Although you have presumably at all times had knowledge of this matter, we herewith serve you with formal notice thereof. * * * In the event you desire to continue the prosecution of this appeal, it is our suggestion that you forthwith initiate and take such steps as you deem necessary in order to submit the matter to the Supreme Court for its ruling."

When the appellant served its motion for an extension of time, the respondent's counsel endorsed upon it their consent, but added the following:

"* * * As to the appeal proper, respondent does not waive the apparent insufficiency which

exists by reason of the fact that the appeal bond was not served and filed within ten days after the service of the notice of appeal * * *."

Concurrently with the penning of that endorsement, respondent's counsel mailed to the clerk of this court a copy of their letter of March 5,

Section 10-803, O. C. L. A., as amended by Oregon Laws 1943, chapter 119, section 1, says:

"Upon notice of appeal being given, as herein provided, and entered in the journal of the court or filed with the clerk of the court, as the case may be, the appellate court shall have jurisdiction of the cause and not otherwise."

Prior to the enactment of that measure, § 10-807, O. C. L. A., after making provision for the filing of the transcript on appeal, said:

"After compliance with the provisions hereof the appellate court shall have jurisdiction of the cause, but not otherwise."

By virtue of that sentence, which was repealed by Oregon Laws 1943, chapter 119, section 2, this court did not obtain jurisdiction over an appealed cause until a proper transcript was timely filed. See subdivisions 21 and 27 of the annotation to § 10-807 in 2 O. C. L. A., and also State v. Stone (Or.), 166 P. (2d) 980. The purpose of the sentence which we quoted from amended § 10-803 is obvious. It is to render notice of appeal as the incident which confers jurisdiction upon this court over the cause. Before going on, we direct attention to the fact that amended section 10-803 demands that a notice of appeal, in order to confer jurisdiction upon this court over the appealed cause, must (1) "be entered in the journal of the court", if the notice was

given in open court or in chambers, and (2) be signed, served and filed "with proof of service indorsed thereon, with the clerk of the court," if the notice was written. Under this altered procedure this court acquires jurisdiction about a month and a half earlier than previously; its jurisdiction is acquired before the appellant is required to serve and file the undertaking. Section 10-803, in its amended form, next says:

"After the appellate court has acquired jurisdiction of the appeal in the manner hereinabove provided, the omission of a party to perform any of the acts herein required or within the time required shall be a cause for dismissal of the appeal, and the appellate court may, on motion of the respondent, dismiss the appeal; * * *."

When it developed at the end of the tenth day that no undertaking on appeal had been filed, the provision just mentioned would have authorized the filing of a motion for the dismissal of this appeal. We now proceed to the next clause of § 10-803:

"Provided, however, the appellate court shall, upon good cause shown, relieve the party from his failure to comply with any of such provisions and may permit an amendment or performance of such act on such terms as may be just."

Appellants sometimes neglect to take timely a required step in the process of appeal. The provision just quoted enables this court to relieve, for good cause and upon just terms, a tardy appellant from the consequences of his tardiness concerning acts required by amended §§ 10-803 and 10-807. See Williams v. Ragan, 174 Or. 328, 143 P. (2d) 209. In the present instance, it appears that appellant's counsel was not conscious of the fact that the undertaking on appeal was not served and filed seasonably. He had mis-

calculated time. But the respondent does not claim that she was prejudiced by the fact that the schedule of events contemplated by the statute was not maintained. A sufficient undertaking has been served and filed. The respondent finds no fault with it.

■ To avoid being misunderstood, we shall say again that when it developed at the close of the tenth day that the appellant had failed to file an undertaking on appeal, the respondent could have moved for a dismissal of the appeal. The words which we quoted from § 10-803, in its amended form, authorize such motions and confer upon this court ample discretionary power to deal justly with them. The words we have in mind include the following:

> "the omission of a party to perform any of the acts herein required or within the time required shall be a cause for dismissal * * * ; the appellate court shall, upon good cause shown, relieve a party from his failure to comply with any of such provisions and may permit an amendment or performance of such act on such terms as may be just."

Those provisions are intended to clarify and amplify the powers of this court in dealing with motions to dismiss appeals. They not only authorize this court to dismiss an appeal if the appellant's failure to perform acts required of him by §§ 10-803 and 10-807 inexcusably subjected the respondent to prejudice, but also empower this court to deny such motions whenever the appellant submits good cause in explanation of his inadvertence, and to impose terms if justice requires their imposition.

But the respondent does not depend upon the provisions of which we have just taken note. She invokes another provision of amended § 10-803 which, she

claims, makes it the mandatory duty of this court to dismiss this appeal. That clause follows:

"provided further, however, that failure of appellant to perform any of the acts herein required within the time required shall constitute an abandonment of the appeal, unless the appellant shall, with the consent of the appellate court or a judge thereof for good cause shown, within 30 days after service of notice of such failure, perform such act or acts."

The respondent depends upon that clause to show that this appeal has been abandoned. She claims (1) the failure to have served and filed the undertaking within the allotted ten-day period constituted a "failure of appellant to perform any acts herein required within the time required"; (2) the letter sent by respondent's attorney to appellant's attorney amounted to "service of notice of such failure"; and (3) the omission of the respondent to have done something concerning the undertaking "within 30 days after service of notice of such failure" demands a holding that the appeal was abandoned.

Section 10-803, O. C. L. A., prior to its amendment in 1943, said nothing expressly concerning abandoned appeals. The provision upon which the respondent relies was not a part of our appellate procedure until the 1943 amendment. Section 10-807, which, it will be recalled, was also amended in 1943, delineated the circumstances which authorized the court, prior to 1943, to deem an abandonment of an appeal. It said:

"If the transcript or abstract is not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned, and the effect thereof terminated."

■ Abandoned appeals, of course, ought to be dismissed. Section 10-807, prior to its amendment, as has already been noted, mentioned as the only circumstance which denoted abandonment the failure of the appellant to file timely "the trascript or abstract." As a result of the 1943 amendment, the scope of the neglected acts which constitutes abandonment includes every act §§ 10-803 and 10-807, as amended, require of an appellant.

■ The clause upon which the respondent depends says that the failure of the appellant "to perform any of the act herein required" constitutes an abandonment of the appeal, provided notice thereof was given to him by the respondent, and provided that the neglected act was not performed "within 30 days after service of notice of such failure." It is clear that there can be no basis for drawing a mandatory conclusion that an appeal was abandoned unless an act which the appellant should have performed remained neglected when notice was served and continued neglected for thirty days thereafter.

■ When the letter of March 5, which the respondent deems a notice, was written, a good and sufficient undertaking on appeal was in the files. It had been served and filed February 1, more than a month before the letter was written. Accordingly, when the purported notice was given there remained no "act or acts" which the appellant could perform. It is true that the undertaking was served and filed a day or two late, but it is also true that when the purported notice was served there remained no "act or acts" which the appellant could then perform. The appellant was powerless to turn back the hand of time, and the clause upon which the respondent relies does

not require an appellant who has been guilty of slothfulness to seek a pardon or offer to make amends after being served with a notice. It demands that if there remain unperformed some "act or acts" which are designated in a motion to dismiss his appeal, he perform them or suffer the consequences. Since the undertaking had been served and filed more than a month before the purported notice was given, the clause upon which the respondent relies is not applicable to this case. The respondent cites In re Mays Estate, 175 Or. 323, 153 P. (2d) 530, in which it appeared that the appellant, in proceeding with her appeal, (1) failed to file her undertaking within the allotted ten-day period, and (2) after having filed her undertaking, failed to qualify her sureties although the respondent had excepted to them. Section 7-310, O. C. L. A., specifies the time within which sureties must qualify after exceptions to them have been taken. October 28, 1944, long after the appellant should have qualified her sureties, the respondent filed the motion to dismiss the appeal, which the Mays decision sustained November 28, 1944. The Mays decision is capable of creating the impressions that (1) the failure of the appellant to have filed the undertaking timely was a basis of the decision; (2) the thirty-day period mentioned in the last clause of subdivision 1 of § 10-803 begins to run from the time of the default; and (3) this court is powerless to relieve an appellant within the thirty-day period from the effects of a default. The drawing of such inferences would be unwarranted, and, so far as there is anything in the Mays decision at variance with the holdings of this opinion, they must be deemed overruled. In the Mays decision the appellant (a) failed within the time prescribed by statute to qualify her sureties after exceptions to them had been taken, and

(b) likewise failed to qualify them within thirty days after the motion to dismiss was filed. She thereby afforded a basis for deeming her appeal abandonded. That decision, therefore, dealt with a set of circumstances unlike those now before us. We conclude that the clause of amended § 10-803, upon which the respondent relies, is not applicable to this case.

■■ We do not believe that the letter of March 5 complied with the requirements of amended § 10-803. The clause of that section upon which the respondent depends, employs the word "notice". Sections 10-602 and 10-612, O. C. L. A., designate the form and the manner of serving and filing notices. We construe amended § 10-803 to require of a respondent, who wishes to take advantage of an act omitted by the appellant, to sign, serve and then file with the clerk of this court a paper which, in addition to designating the omitted act, moves for a dismissal of the appeal. The most obvious form which such a notice should take is a motion to dismiss the appeal, and that, we think, is what the legislature had in mind in using the term "notice". We add that if the appellant performs the omitted act within the thirty-day period, this court, for good cause shown, is empowered to deny the motion to dismiss.

The motion to dismiss is denied.