Motion to dismiss filed January 28, motion sustained March 2, 1955

# WILLS *v.* WILLS
280 P. 2d 410

*Melvin Goode,* Albany, for the motion.

ROSSMAN, J.

This cause is before the court upon a motion filed by the plaintiff-respondent to dismiss the appeal. The

ground for the motion, as the latter expresses it, is this:

> "* * * for the reason that said appellant defendant has failed to file her transcript in the Supreme Court of the State of Oregon within thirty (30) days from the date of perfecting said appeal or within an extension of time for filing said transcript to the 15th day of January, 1955, * * *."

The defendant-appellant gave notice of appeal October 5, 1954, and on October 19, 1954, filed an undertaking on appeal. Nothing has been presented since November 15, when the circuit court entered an order extending to January 15, 1955, the time for filing the transcript.

■ Prior to the enactment of Oregon Laws, 1943, ch 119, which is now ORS 19.030, the filing of a transcript, in obedience to the demands of ORS 19.070(1), was the procedural development which conferred upon this court jurisdiction over the appeal. See, for example, *Ewen v. Smith,* 156 Or 669, 69 P2d 523.

According to ORS 19.030(3):

> "Upon notice of appeal being given, and entered in the journal of the court or filed with the clerk, as the case may be, the appellate court shall have jurisdiction of the cause and not otherwise."

That enactment substituted the notice of appeal for the filing of a transcript as the procedural device which confers jurisdiction over the appeal upon the Supreme Court. *Pond v. Jantzen Knitting Mills,* 187 Or 697, 180 P2d 115, and *Martin v. Harrison,* 182 Or 121, 180 P2d 119, 186 P2d 534.

ORS 19.030(3) says:

> "* * * After the appellate court has acquired jurisdiction of the appeal, the omission of a party to perform any of the acts required in this section or

in ORS 19.070 or within the time required shall be a cause for dismissal of the appeal, and the appellate court may, on motion of the respondent, dismiss the appeal; provided, however, the appellate court shall, upon good cause shown, relieve a party from his failure to comply with any of such provisions and may permit an amendment or performance of such act on such terms as may be just; provided further, that failure of appellant to perform any act required in this section or in ORS 19.070 within the time required shall constitute an abandonment of the appeal, unless the appellate shall, with the consent of the appellate court or a judge thereof, for good cause shown, within 30 days after service of notice of such failure, perform such act.''

■ The provision just quoted indicates that the neglect of the defendant-appellant to have filed the transcript within 30 days after the perfection of the appeal did not itself demand a dismissal of the appeal. However, her failure to have rectified the omission ''with the consent of the appellate court or a judge thereof'' within 30 days after she was served with notice of her omission is deemed by ORS 19.030(3) an abandonment of the appeal.

■ The motion before us was served upon counsel for defendant-appellant January 26, 1955. More than 30 days have passed since that motion was filed, and in the interval the defendant-appellant has not filed the transcript and has not applied to this court for consent to make a tardy filing. In fact, she has offered no explanation whatever of her nonperformance of the duties which she undertook when she gave notice of appeal. Those being the circumstances, we are required to conclude that the appellant has abandoned this appeal.

The motion to dismiss is sustained.